SMITH, Appellant, vs. SMITH, Respondent.

*October 26—November 12, 1909.*

*Indians: Heirship: Jurisdiction of state courts: Paternity of illegitimates: Evidence: Declarations of parents: Statutes: Construction.*

1. In proceedings for administration of the estate of an Indian allottee of lands, the title to which was held in trust by the federal government, there being other property warranting the administration, the parties by stipulation submitted to the county court the question whether a certain person was the son and sole heir at law of the deceased. *Held,* sufficient to give the court jurisdiction.

2. The order or judgment of the court in such a case does not transfer the title or disturb the possession of the allotted lands; and the United States, as trustee, may recognize or refuse to recognize it as evidence, conclusive or *prima facie,* of heirship.

3. Under a federal statute (26 U. S. Stats. at Large, 794, ch. 383) making illegitimate children lawful heirs of their Indian father, paternity is to be established by a preponderance of evidence, and need not be established beyond reasonable doubt nor by evidence clear and convincing beyond reasonable controversy.

4. In such a case declarations of the deceased mother and of the alleged deceased father respecting the paternity of an illegitimate are competent, and when they are the best evidence the nature of the case will admit of, and are not overcome by other more convincing evidence, they are sufficient.

5. The construction given to the federal statute (26 U. S. Stats. at Large, 794, ch. 383) in *In re Heirs of House,* 132 Wis. 212, is adhered to.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *S. H. Cady* and *L. D. Jaseph.* Among other authorities they cited *Ott v. Boring,* 139 Wis. 403, 121 N. W. 126; *Busse v. State,* 129 Wis. 171, 108 N. W. 64; *In re Heirs of House,* 132 Wis. 212, 112 N. W. 27; sec. 2274, Stats. (1898); *Schiefelbein v. Fidelity & C. Co.* 139 Wis. 612, 120 N. W. 398; *Sufferling v. Heyl & Pal-*

*terson,* 139 Wis. 510, 121 N. W. 251; *Menn v. State,* 132 Wis. 61, 112 N. W. 38; *Baker v. State,* 47 Wis. 111, 2 N. W. 110; *Goyke v. State* (dis. op.) 136 Wis. 557, 117 N. W. 1027, 1126; *Hofer v. State,* 130 Wis. 576, 110 N. W. 391; *Grotjan v. Rice,* 124 Wis. 253, 102 N. W. 551; *Benedict v. Horner,* 13 Wis. 256; *Richmond v. State,* 19 Wis. 307; *Miller v. C. & N. W. R. Co.* 133 Wis. 183, 113 N. W. 384; *Kelley v. Crawford,* 112 Wis. 368, 88 N. W. 296.

*M. E. Davis,* for the respondent, cited *Jones v. Roberts,* 84 Wis. 465, 54 N. W. 917; *Gillett v. Treganza,* 13 Wis. 472; *State ex rel. Beals v. Probate Court,* 25 Minn. 22; Gary, Probate Law (3d ed.) §§ 630, 633.

TIMLIN, J.    The county court of Outagamie county granted letters of administration upon the estate of Ezekiel Smith, an Indian, to *Hattie C. Smith,* his widow, and thereafter it was stipulated, prior to the time for final distribution, that the question whether *Taylor Smith* was the son and sole heir at law of decedent should be tried before said county court at a time and place stated.    We are informed by counsel that the department of the United States government having charge of Indian affairs until recently approved, recognized, and acted upon this mode of ascertaining Indian heirs for the purpose of identifying the person or persons for whom the United States held the title in trust.    The county court heard the evidence and determined that *Taylor Smith* was the son of decedent, but that *Hattie C. Smith* was his widow and sole heir.    An appeal was taken to the circuit court from this order and the place of trial changed to Brown county, where, after a trial of the question, the circuit court found that Ezekiel Smith, deceased, was an Oneida Indian, an allottee of lands in the Oneida Indian reservation in this state, and held a trust patent from the United States for two quarter-quarter sections of such land, and that *Taylor Smith* was the illegitimate son of said Ezekiel and one Dolly Hill, de-

ceased, but that the said Ezekiel and Dolly never cohabited as husband and wife according to the custom and manner of Indian life, and Ezekiel never admitted in writing that *Taylor* was his son.

From these facts the circuit court concluded that *Taylor Smith* was the heir at law of Ezekiel Smith, deceased, and as such was entitled to the entire interest of said Ezekiel in and to the lands in question, subject to the dower and homestead rights of *Hattie C. Smith,* widow of decedent. An order was then made in the form of judgment remitting the cause to the county court of Outagamie county with directions to enter the proper order assigning to *Taylor Smith* the entire interest of Ezekiel Smith in and to the lands in question, subject to the dower and homestead rights of *Hattie C. Smith.* Upon appeal to this court from the order last mentioned *Hattie C. Smith* assigns error: (1) That the court erred in exercising jurisdiction; (2) that the court erred in finding *Taylor Smith* was the son of Ezekiel; (3) in admitting evidence of declarations of Dolly Hill; (4) in limiting cross-examination; (5) in admitting parol declarations of Ezekiel Smith as to his paternity of *Taylor Smith;* (6) in the conclusion of law that *Taylor Smith* is the heir of Ezekiel Smith.

No objection to the jurisdiction of the circuit court appears to have been made in that court, but appellant cites in this court the case of *McKay v. Kalyton,* 204 U. S. 458, 27 Sup. Ct. 346, in support of the first assignment of error. In that case, however, the action was one to recover possession of or title to the allotted land, or both such possession and title. This is not true of the instant case. Here the parties have by stipulation and mutual consent submitted to the state court the question of whether a certain person was the heir at law of Ezekiel Smith. The order or judgment does not transfer the title to or disturb the possession of the land in question. *Jones v. Roberts,* 84 Wis. 465, 471, 54 N. W. 917; *Gillett v.*

*Treganza,* 13 Wis. 472; Gary, Prob. Law (3d ed.) §§ 630,. 633. And the United States as trustee may recognize, or re-- fuse to recognize, this order as evidence conclusive or *prima facie.* Act Cong. Feb. 8, 1887, ch. 119, 24 U. S. Stats. at Large, 388, as amended by Act Cong. Feb. 28, 1891, ch. 383,. 26 U. S. Stats. at Large, 794, 3 Fed. Stats. Ann. pp. 493, 494, 496, 501, 502. There was other property of Ezekiel Smith besides the trust lands which authorized the adminis- tration.

We perceive no valid ground for saying that the state court had no jurisdiction to make the order in question. Probably if *Taylor Smith* seeks to recover the possession or enjoyment of the land in question, or of its proceeds, against an adver- sary claimant, notwithstanding this determination, he must proceed in the federal court. But that question is not di- rectly involved in the present appeal. It is sufficient that the state court, in an administration proceeding properly brought and upon stipulation of the parties, determined the status of *Taylor Smith* as heir of Ezekiel Smith, and that the gov- ernment of the United States may through its departments primarily, or its federal courts finally, determine that in the discharge of its trust it will or will not recognize this decision as evidence.

We consider the finding that *Taylor Smith* is the son of Ezekiel Smith is supported by considerable evidence and not against the clear preponderance of the evidence. The ques- tion was one of pedigree or heirship and not of legitimacy. The statute made illegitimate children lawful heirs, and the real inquiry was directed to the fact whether or not *Taylor Smith* was a son of Ezekiel Smith. The result of the investi- gation was not to put a bar sinister upon his shield, but rather to find him to be one worthy to inherit. Therefore pater- nity is to be proven by a preponderance of evidence, and not by evidence establishing it beyond a reasonable doubt nor by evidence clear and convincing beyond reasonable controversy..

It is true that evidence of declarations by the deceased mother·
of the illegitimate respecting his paternity and like declara-
tions of the alleged father of the illegitimate are not very sat-
isfactory evidence, but they are the best evidence the nature·
of the case will admit of, and competent upon the question
of pedigree.   When they are not met and overcome by other·
more powerful, credible, and convincing evidence they must
be held sufficient to form a basis for belief or mental convic-
tion.   1 Elliott, Ev. ch. 16, §§ 360–382.

Appellant assails as incorrect the construction given to the
statute (3 Fed. Stats. Ann. sec. 5, p. 501) in *In re Heirs of*
*House,* 132 Wis. 212, 112 N. W. 27, and asks us to overrule··
that case.   He suggests that the construction given to the fed-
eral statute might result in enabling illegitimates of the sec-
ond class in some cases to inherit from both the father and·
the mother, while the more worthy illegitimates of the first
class would inherit from the father only.   This consideration,.
while of weight, is not sufficient to overcome the otherwise
clear meaning of the statute.   No other construction which
we consider reasonable or satisfactory is suggested, and we··
therefore adhere to that already placed upon the statute.   We·
may not agree with the wisdom or policy of a statute which,.
amongst a simple or primitive people, makes such bastardy
a privilege or advantage, and which stirs the recollection or·
the imagination of old people concerning casual errors or ir-
regularities long since forgotten or which never happened, by
offering the prize of an inheritance to such illegitimate chil-
dren.   But all this is more properly addressed to the federal
legislature and cannot be taken to divert or distort the plain·
meaning and sense of this statute.   We perceive no error in·
the rulings admitting or excluding evidence, and affirm the·
judgment.

*By the Court.*—The judgment of the circuit court is af-
firmed