ROWLEY, by guardian *ad litem,* Respondent, vs. ROWLEY, imp., Appellant.

*September 14—October 4, 1910.*

*Wills: Construction after decree assigning property: Application by infant to sell lands: County and circuit courts: Jurisdiction: Equity: Action to remove cloud on title.*

1. A decree of a county court assigning the estate of the testator pursuant to the will does not transfer title or in any way alter the disposition of the property made by the will.

2. Upon application of an infant for sale of her land the county court is authorized to construe a will so far as it is necessary to determine whether and to what extent the infant is the owner of the land sought to be sold for her benefit.

3. In case the application for sale is made after administration closed and after the estate has been assigned, the county court is not authorized to bring in adversary parties claiming title under the will, but may require as a preliminary that an action for construction of the will against such adversary parties be brought in the circuit court.

4. A court of equity will not entertain a suit for construction of a will where there is no trust, equitable incident, or other independent ground of equity jurisdiction.

5. Where an infant claims to own real estate in remainder and a life tenant is in possession and other persons make an adverse claim to this remainder or some interest therein, if the infant desires to have the land sold for her support, she may maintain a suit against such claimants to remove a cloud on her title, and in this suit may have a construction of the will where the claim of such adverse parties rests upon their construction of such will.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to the complaint.

For the appellant there was a brief by *Perry, Morton & Kroesing,* and oral argument by *George E. Morton.*

For the respondent there was a brief by *Buell & Lucas,* and oral argument by *F. W. Lucas.*

TIMLIN, J.    This action was begun in the circuit court for Dane county.    It appears from the amended complaint that A. A. Rowley of Dane county executed his last will on April 14, 1902, and died in October of the same year.    This will was admitted to probate on December 10, 1902.    The testator left surviving him his widow and six children, four of whom were under the age of twenty-one years, and since the death of the testator his son Jesse C. Rowley died leaving surviving him his widow and one daughter.    All the living children of testator, all the children of a deceased child, and testator's widow are made parties defendant. The will gave to testator's widow during her lifetime his homestead in the village of Middleton in Dane county, but provided that after the death of the widow "the homestead above mentioned shall go to my little child Newman Carl and another child not yet born at the time of making this will, to be owned by them jointly after the death of their mother." The child last mentioned is the plaintiff, *Arlene,* who was born after the making of the will and before the death of the testator.    Other real estate and all personal property were given to the testator's widow.    On September 24, 1904, judgment was entered in the county court of Dane county assigning and setting over all the property to the devisees in the will mentioned according to the provisions of the will.    The homestead, which is alone in question here, consisting of lots 8, 9, 10, and 11 in block 7 in Middleton, Dane county, Wisconsin, was assigned "unto the said minor children Newman Carl Rowley and *Arlene Rowley* in equal shares, subject to the life use of the said homestead by said widow, Emma Rowley, in accordance with the provisions of said will." The widow has ever since been and now is in exclusive possession of said homestead.    After judgment assigning the estate Newman Carl Rowley died, an infant, leaving surviving him no widow or child.    After the administration had been completed it was found that there was practically no

property coming from said estate to the widow or minor
children which produced any income available for their sup-
port.   The homestead contains more land than is necessary
for the residence of the widow and the child *Arlene,* and sev-
eral of the lots included within the homestead are nonproduct-
ive property, and the expenses of maintenance of the home-
stead and the taxes thereon far exceed the income from the
said property.   Owing to the financial condition of the widow
she is unable to properly maintain herself and *Arlene* and
meet the expense necessitated by keeping the homestead.   She
thereupon, as guardian for *Arlene,* made application to the
county court for leave to sell the lands of the infant.   Upon
the hearing on this application a question was raised as to
whether the estate devised to Newman Carl Rowley and
*Arlene Rowley* was a joint estate so that upon the death of
said Newman Carl the title would vest in *Arlene* by right of
survivorship.   The county court thereupon ruled that it had
no authority to construe said will in this regard, and that
before sale would be ordered the question above mooted must
be determined by suit for construction.   On this showing the
plaintiff, *Arlene,* demands that judgment be entered constru-
ing the will of said A. A. Rowley in respect to the question of
survivorship.

The judgment of the county court assigning the homestead
pursuant to the will did not transfer title to or in any way
alter the disposition of the property made by the will.
*Smith v. Smith,* 140 Wis. 599, 123 N. W. 146, and cases;
*Williams v. Williams,* 135 Wis. 60, 115 N. W. 342, and
cases.   Upon application of the infant for a sale of the land
the county court could decide whether the infant was the
owner of the land sought to be sold for its benefit.   In mak-
ing this decision it must ascertain and decide upon the mean-
ing of the will, at least to this extent.   But that court did not
have upon such application the adversary parties before it,
because in the instant case the application is made after ad-

ministration closed and after the estate has been assigned, and the doubt as to title arose by the death of one of the devisees after such assignment. Neither is the county court authorized to bring in such adversary parties upon such an application. It was therefore proper for the county court to require and for the plaintiff to begin an independent action in the circuit court where all adverse claimants could be made parties. *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111. A court of equity will not entertain a suit for construction of a will where there is no trust or other independent ground of equity jurisdiction. 3 Pomeroy, Eq. Jur. §§ 1155, 1158. But in the instant case the plaintiff claims to own the remainder subject to the life estate and present possession of her mother, who desires to join with her in the sale, and at the same time plaintiff is unable to avail herself of her right to sell this property to prevent waste and to use the proceeds for her support and maintenance because of the adverse claim made by other defendants to own an interest therein as heirs of Newman Carl. The defendants deny her claim and assert title in themselves. This furnishes the equitable feature or incident (*quia timet*) which gives that court jurisdiction to proceed to construe the will so as to enable the plaintiff to avail herself of her rights in the real property. She has no remedy at law against these claimants who are not in possession. Equity is, not subject to the reproach that there is no relief for the plaintiff in such case.

*By the Court.*—Order affirmed.