WILLIAMS and others, Appellants, vs. WILLIAMS and others,
Respondents.

*February 19—March 10, 1908.*

*Will: Construction: Vested equitable remainder: Intention: Death of
beneficiary: Conversion: Circuit court: Duty as to final dispo-
sition: Order of distribution following will: Effect of appeal.*

1. A testator devised a life estate to his wife, remainder, one third
   to A., his son, one third to B., his daughter, and one third in
   trust for C., his other son, with directions to the trustees "to
   use and manage said other third as to them seems best and to
   pay to my said son . . . the income . . . yearly, and in their
   discretion to pay to him from time to time such part of said
   one third as in their judgment is proper for his comfort and
   support until said third part is all paid to him." *Held:* (1) A.
   and B. each took a full legal vested estate in remainder;
   (2) the trustees took a present legal vested estate in trust; and
   (3) the *cestui que trust* had an estate in the lands and prop-
   erty as against all persons except the trustees.
2. Estates legal and equitable given by will are to be regarded as
   vesting immediately unless testator has by very clear words
   manifested an intention that they should be contingent, and
   where the time of payment or distribution is merely postponed
   for the convenience of the fund or property, or to let in others,
   the vesting will not be deferred until that period.
3. That the time of enjoyment of an equitable estate in remainder
   is postponed until after the termination of a precedent life es-
   tate neither prevents vesting nor indicates an intention that
   the equitable interest should not vest.
4. Where an estate in remainder is devised in trust with directions
   to the trustees to pay the income annually to the beneficiary,
   and in their discretion to pay over the corpus of the trust, an
   intention is thereby indicated that the whole equitable interest
   should vest at once, subject only to the life estate.
5. Where a remainder after a life estate is devised in trust for a
   person living at the death of the testator, and the equitable in-
   terest thereby created is vested, the death of the *cestui que
   trust* prior to the termination of the life estate does not defeat
   or terminate the trust, in the sense that the object of the testa-
   tor has failed and the trust property becomes intestate prop-
   erty, but the beneficial interest—the trust property itself—

passes by the law of descent to the heirs at law of the *cestui que trust.*

6. In an action to construe a will the circuit court should, whenever possible under the issues made and presented, finally dispose of all questions relating to the descent and distribution of the property, and where this was not done this court may, on an appeal, to save threatened waste of the property in litigation, indicate its views upon the final disposition to be made of the case.

' Testator devised one third of his estate to trustees for the benefit of his son, with directions to pay over to the son the income thereof, and "from time to time such part of said one-third part as in their judgment is proper for his comfort and support." *Held,* that the testator intended a conversion of the third part of the real property into money, and that for the purposes of descent and distribution, on the death of the beneficiary, the property will be considered all personalty.

8. Where the legal effect of an order of distribution, made in an action to construe a will, was to follow the will and vest one third of the estate in trustees in trust for a named beneficiary and his heirs, no question of the binding force or conclusiveness of such order arose on an appeal to this court, and accordingly a decree requiring the trustees to convert the trust property into money for distribution may be directed.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Reversed.*

*John P. Ingalls,* for the appellants.

Among other references upon the part of the appellants were the following: *Stephenson v. Norris,* 128 Wis. 242, 107 N. W. 343; *Huebschmann v. Cotzhausen,* 97 Wis. 244, 72 N. W. 638; secs. 2206, 2278, 2289, 4044, 4050, Stats. (1898); *Appeal of Schaeffner,* 41 Wis. 260; *Liginger v. Field,* 78 Wis. 367, 47 N. W. 613; *Bresee v. Stiles,* 22 Wis. 120; *Ruth v. Oberbrunner,* 40 Wis. 238; *Brook v. Chappell,* 34 Wis. 405; *Jones v. Roberts,* 84 Wis. 465, 54 N. W. 917; *Baker v. Baker,* 57 Wis. 382, 15 N. W. 425; *Baker v. Estate of McLeod,* 79 Wis. 534, 48 N. W. 657; *Hall v. Hall,* 98 Wis. 193, 73 N. W. 1000; *Estate of Pierce,* 56 Wis. 560, 14 N. W. 588; *Prickett v. Muck,* 74 Wis. 199, 42 N. W.

256; *Hiles v. Atlee,* 90 Wis. 72, 62 N. W. 940; *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073; *Smith v. Smith,* 116 Wis. 570, 93 N. W. 452; *In re Moran's Will,* 118 Wis. 177, 96 N. W. 367; *Stark v. Conde,* 100 Wis. 633, 76 N. W. 600; Rood, Wills, §§ 582, 588; Cassoday, Wills, §§ 664, 667.

For the respondents there was a brief by *James G. Kestol,* attorney, and *Murphy & Kroncke,* of counsel, and oral argument by *Mr. Kestol* and *Mr. George Kroncke.*

Among other references upon the part of the respondents were the following: Secs. 2081, 2088, Stats. (1898); *Scott v. West,* 63 Wis. 529, 24 N. W. 161, 25 N. W. 18; *Holmes v. Walter,* 118 Wis. 409, 95 N. W. 380; Redfield, Wills, 410, note; Tif. & Bull. Trusts & Trustees, 57, 58; Tiedeman, Real Prop. § 366; Underhill, Wills, §§ 473, 779; *Jones v. Roberts,* 84 Wis. 465, 54 N. W. 917.

Timlin, J.   Henry V. Williams died November 19, 1900, leaving real and personal estate which he devised and bequeathed: (1) Use of all to his widow, Elizabeth, during her natural life, with full power and authority to manage and control the same; (2) household furniture to his daughter, *Cora A.*—this gift to take effect at the death of the widow; (3) to his daughter, *Cora A.,* one third of all remaining at death of widow; (4) to his son *Peter C.,* one third of all remaining at death of widow; (5) as follows:

"I will, devise, and bequeath unto my said daughter, *Cora A.,* and son *Peter C. Williams* the other one-third part of my said estate remaining at the death of my said wife, Elizabeth, in trust, nevertheless, for my son Henry E. Williams, and authorize and direct them to use and manage said other third part as to them seems best and pay to my said son Henry E. the income of such third part yearly, and in their discretion to pay to him from time to time such part of said one third as in their judgment is proper for his comfort and support until said one-third part is all paid to him, said Henry E."

This will was admitted to probate December 18, 1900. The executors thereof on July 18, 1901, made application to the county court for the settlement and allowance of their final account and the assignment of the residue of the estate to such persons as were by law entitled thereunto. Upon this application the county court made an order reciting the application as above stated and continuing:

"It is ordered that said application be heard before this court at a special term thereof to be held at the probate office in the city of Elkhorn on the 20th day of August, 1901, at 10 o'clock a. m. It is further ordered that notice of the time and place of examination and allowing said final account and of assigning the residue of said estate be given to all persons interested by publication of a copy of this order for three successive weeks in the Whitewater Register, a newspaper published in said county, before the day fixed for said hearing."

An order made August 20, 1901, thereupon recited the said application and that "due notice of the time and place of such hearing has been duly given by publication as required by law and the order of this court heretofore made in this case." This order then described the property then remaining in the hands of the executors as $334.10 in money and 100 acres of land and three lots in the village of Whitewater, all specifically described. It recited that the deceased left him surviving his widow, Elizabeth, and his only children, *Cora, Peter C.,* and Henry E. Williams, all over twenty-one years of age, and that proof of heirship had been made and filed. The order then proceeded:

"Wherefore it is ordered and adjudged by the court that said final account of said executors as stated be and the same is hereby allowed and confirmed. And it is further ordered that said balance of personal property shown by said final account be and the same hereby is assigned to the said three children as provided in the said will of the deceased, Henry V. Williams. And it is further ordered and adjudged that

said real estate hereinbefore described be and the same is. hereby assigned to said three children, *Cora,* Henry E., and. *Peter C. Williams,* share and share alike and undivided, as provided in the will of said deceased, Henry V. Williams,. and all of said personal and real property is subject to the life estate of the said widow, Elizabeth Williams, as provided in said will."

The scope and effect of this order assigning the estate is the subject of much discussion, but in the view we have taken of the provisions of the will it will not be necessary to determine the conclusive effect of this order upon the parties then before the court.    See, however, *Perkins v. Owen,* 123 Wis. 238, 101 N. W. 415; *Appeal of Schaeffner,* 41 Wis. 260; *S. C.* 45 Wis. 614; *Estate of Leavens,* 65 Wis. 440, 27 N. W. 324; *Baker v. Baker,* 57 Wis. 382, 15 N. W. 425;. *Ruth v. Oberbrunner,* 40 Wis. 238.

On December 17, 1902, Henry E. Williams died intestate. On March 17, 1904, Elizabeth Williams died intestate. Henry E. left surviving him his widow, *Ida M.,* his son,. *Henry Eddy,* and his daughter, *Edith A. Williams,* who, together with the administrator of Henry E. Williams, are the plaintiffs in this action, begun in the circuit court against *Peter C.* and *Cora A. Williams* individually and as executors. All parties assumed the jurisdiction of the circuit court and both prayed for affirmative relief, opposite in effect but of the same legal nature.    The findings and decree of the circuit court were to the effect that the trust of one third of the residue for Henry E. Williams failed on account of his death before the termination of the life estate and the commencement of the active duties of the trust, and that this one third thereupon became intestate property of the estate of Henry V. Williams,. and as such descended in equal parts to the heirs at law of Henry V. Williams, deceased, but without naming or. otherwise designating who were such heirs at law.    The circuit court also found that such heirs at law were entitled to partition.

Returning now to the paragraph of the will under consideration it is noticeable that in quantity of estate the testator provided equally for each of his three children; that each was to have one third of the remainder subject to the life estate of the mother. To *Peter C.* and *Cora A.* he gave a full legal vested estate in remainder. From Henry E. he withheld the legal title and power of disposition, but this one third of the remainder was "in trust, nevertheless, for my son Henry E." No limitation over was provided, and no contingency upon which the trust should cease or terminate was specified. After the death of his mother, although the use and management of the trust property was confided to the discretion of the trustees, they were absolutely required to pay all the income of this third part over yearly to Henry E. The trustees had it in their discretion to pay over to Henry E. the corpus of the trust estate in instalments from time to time until it was all paid to him, the said Henry E. The legal estates in remainder devised to *Cora A.* and *Peter C. Williams* were vested estates, because there were persons in being at the time of the creation of the estate who would have an immediate right to the possession upon the ceasing of the precedent estate of Elizabeth. Sec. 2037, Stats. (1898). And for the same reason the trustees took a present vested legal estate in trust for Henry E. *Ford v. Ford,* 70 Wis. 19, 33 N. W. 188. They took this subject to the execution of the trust. Sec. 2086, Stats. (1898). And the *cestui que trust* had an estate in the lands and personal property as against all persons except the trustees. Sec. 2087, Stats. (1898); *Scott v. West,* 63 Wis. 529, 24 N. W. 161, 25 N. W. 18; *Baker v. Estate of McLeod,* 79 Wis. 534, 48 N. W. 657; *Burnham v. Burnham,* 79 Wis. 557, 48 N. W. 661. Estates legal and equitable given by will should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event; and where the time of payment or dis-

tribution is merely postponed for the convenience of the fund or property, or to let in others, the vesting will not be deferred until that period. *Baker v. Estate of McLeod, supra.*

One may search this will in vain for any word or sentence restricting the vesting in Henry E. of this equitable interest in remainder. The devise is absolutely in trust for him. After the termination of the life estate of his mother the whole income is to be paid to him. For the usual legal effect of a devise of the whole income of a fund without limitation over or restriction to the period of the donee's life, compare *Gulick v. Gulick's Ex'rs,* 27 N. J. Eq. 498, with *Matter of Smith,* 131 N. Y. 239, 30 N. E. 130. That the time of enjoyment is postponed until after the termination of the precedent life estate neither prevents vesting nor indicates an intention of the testator that the equitable interest should not vest. The provision that the trustees should in their discretion pay over the corpus of the trust estate to Henry E. in instalments from time to time until the whole thereof was paid to him indicates an intention of the testator that this whole equitable interest should vest at once in Henry E., subject only to the life estate, and subject to be enjoyed by the said Henry E.—the income in any event, and the corpus or capital in the discretion of the trustees. This vested equitable estate upon his death descended to his children and widow as prescribed by the statutes in case of intestate estates. *Burnham v. Burnham, supra.* In such case there is no room for the contention that the trust created by the will failed or terminated by the death of Henry E. prior to the termination of the life estate of his mother. Where a remainder after a life estate is devised in trust for a person living at the death of the testator and the equitable interest thereby created is vested, the death of the *cestui que trust* prior to the termination of the life estate does not defeat or terminate the trust in the sense that the object of the testator in creating the trust has failed, and the trust property be-

comes intestate property of the testator.   In such case the
duties of the trustees may have ceased in whole or in part
or may never have arisen in whole, but the beneficial inter-
est—the trust property itself—passes by the law of descent
to the heirs at law of the *cestui que trust*.

In an action to construe a will the circuit court should,
whenever possible under the issues made and presented,
finally dispose of all questions relating to the descent and dis-
tribution of the property.   This was not done in the case at
bar, and the result is that this comparatively small estate
would be subject to the expense of successive actions for
construction or further proceedings in this action in order to
ascertain and determine the descent and distribution of this
property, unless without the benefit of argument or presenta-
tion we indicate our views upon the final disposition to be
made of the case.   This we do with extreme reluctance and
only to save the threatened waste of the property in litiga-
tion.   It seems to us from the provisions of the will that the
testator intended a conversion of this one third of the real
property.   In order that the trustees should pay over to
Henry E. "from time to time such part of said one-third part
as in their judgment is proper for his comfort and support,"
successive and fragmentary sales of fractions of this un-
divided fractional remainder must be made, or the whole
fractional remainder must be converted by the trustees into
money.   The latter view is the more reasonable and best ac-
cords with the will of the testator as we read it.   We believe
such conversion necessary in order to carry out such intention.
*Becker v. Chester*, 115 Wis. 90, 91 N. W. 87, 650.   For the
purposes of descent and distribution the property will be
considered as all personal property.   The widow and chil-
dren of Henry E. are his heirs at law and share equally
therein.   There should be no partition, but the trustees should
proceed to sell the one-third part of all the real estate and con-
vert it into money, and the sum so realized, together with

whatever income has accrued upon this one third after the termination of the life estate, and whatever of the one third of the personal property remains, shall be paid over to the administrator of Henry E. Williams, and through such administration distributed in the usual way without excessive or unnecessary expense, share and share alike, to the widow and children of Henry E. Williams. It will thus be seen that the order of distribution of August 20, 1901, did not in any way alter or change the distribution or descent of the property in question as provided in the will. Its legal effect is to follow the will and vest this one third in the trustees in trust for Henry E. Williams and his heirs, and hence no question of its binding force or conclusiveness need be determined in this case.

It follows that the judgment of the circuit court must be reversed, and the cause remanded with directions to enter a decree for a sale by the trustees and an accounting and distribution in accordance with this opinion. Only the usual taxable costs will be allowed to appellants, and no allowance will be made to respondents.

*By the Court.*—It is so ordered.