WILL OF OHSE: OHSE, Executor, Appellant, vs. MILLER, Executor, Respondent.

*December 19, 1908—January 5, 1909.*

*Wills: Construction: Bequests: Time of payment.*

1. Rules for the construction of uncertain clauses in wills yield to the cardinal rule that the words of a will are to be construed so as to give effect to the intention of the testator, which intention is to be ascertained from the language of the will itself, in the light of the circumstances surrounding the testator at the time of its execution.
2. A testator devised his estate to a son with the condition that the son pay to his widow $800, "to be paid her as it becomes necessary for her needs." *Held,* that the element of time was annexed to the payment only and not to the gift itself, and that therefore the widow took the $800 as an absolute gift, she herself to determine the character of the needs and the time when payments were necessary to meet them.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is a contest over the construction of the will of George

William Ohse, who died at the age of seventy-seven leaving a widow, a son, and four daughters, all of adult age. By his will he devised all his property, real and personal, to his son, *William Ohse* (except one cow, which was to go to his wife, Johanna), with the provision that "said *William Ohse* is to pay to the said Johanna Ohse $800, to be paid to her as it becomes necessary for her needs," and also to pay a certain specified sum to each daughter one year after testator's death. Johanna died about six weeks after the testator, having previously made a will bequeathing the $800 to her daughters. Four days before her death she caused to be served on *William* a written notice stating that she was in need of money for her support and demanding that he pay to her the entire sum of $800, but no part of it was paid. The principal facts which are proper to be considered in aid of construction of the will are thus stated by the circuit judge:

"The testator and his wife were Germans. The property left to the son was a farm of 160 acres, sixty-five acres cleared, against which there was a mortgage and debts amounting to about $1,500. The testator died February 13, 1904, aged nearly seventy-seven, and the will was executed a little less than a year prior to his death. The wife died March 22, 1904, aged sixty-three. At the time the will was executed the testator and his wife lived on the farm, the son living with them. The following summer the old people went to the neighboring village of Fenwood, where the mother had a house and five acres of land, the son remaining on the farm. The parents lived together at Fenwood until about December, when the father went to the son's and stayed until his death there. Prior to December the father had spent a part of the time at the son's. The mother remained in the home at Fenwood until the father's death, and after that lived with a daughter in the village until she died. The mother had been in poor health about a year prior to her death. The son had always lived on a farm with the parents. The daughters had lived at home until married, except when working out at domestic service. The son was nearly thirty-five years old at the father's death."

Upon settlement of the final account of *William Ohse* as ·executor of the will of George, the respondent *Miller,* as executor of the will of Johanna, appeared and objected to the allowance of the account, and prayed that the will be construed and that the county court require said first-named executor to pay to him said sum of $800. The county court. denied the relief asked, and the executor of Johanna's will appealed to the circuit court, which last-named court reversed the judgment of the county court and remanded the case to the county court with directions to require the payment of ·said sum of $800 to the executor of Johanna's will (less the ·funeral expenses paid by *William*), and from this judgment *William,* as executor, appeals.

For the appellant there was a brief by *Salter & Jackson* and *Charles F. Grow,* attorneys, and oral argument by *Mr. Grow.*

For the respondent there was a brief by *Brown, Pradt,* ·*Genrich & Anderson,* and oral argument by *F. W. Genrich.*

Winslow, C. J. Various rules have been laid down by the courts as helpful in the construction of uncertain clauses in wills. None of them are inflexible, however, and all yield to the cardinal rule that the words of a will are to be construed so as to give effect to the intention of the testator, which intention is to be ascertained from the language of the will itself, in the light of the circumstances surrounding the testator at the time of its execution. *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786.

The question here is whether the testator intended to make .an absolute gift to his wife of $800, or only to give her such part of the sum as she might need from time to time, and ·only as fast as it was needed; in other words, whether the gift is vested or contingent. The fact that there are no words of bequest, but only a direction to the son to pay, is a circumstance which makes in favor of the idea that the gift is con-

tingent only; but this is not at all controlling. The gift will be held to vest, if such appears to have been the testator's intention, even though it be expressed in a mere direction to pay. 30 Am. & Eng. Ency. of Law (2d ed.) 773. The real inquiry is whether the element of time is annexed to the gift itself as a condition precedent or merely to the payment of it, and we think the circuit court rightly held that the intention was to annex the element of time to the payment only. *Patton v. Ludington*, 103 Wis. 629, 646, 79 N. W. 1073. The wife was fourteen years younger than the testator and would naturally be expected to survive him some years. No other substantial provision was made for her in the will, and it is hardly to be expected that the husband would desire to cut her off with a provision that paltry sums should be doled out to her as it was needed to keep her from absolute pauperism. It is very significant that the first clause contains an absolute direction to pay to her $800, while the element of time is contained in a separate clause regulating only the manner of payment, and, furthermore, that no person was appointed to determine what the character of her needs were to be which would make payments necessary, nor when such payments would be necessary, nor how great they should be at any one time. Thus it would seem that she herself was to determine the character of the needs and the time when payments were necessary to meet them. *In re Will of Bouck*, 133 Wis. 161, 111 N. W. 573, 113 N. W. 452.

It seems to us clear that the testator intended an absolute gift, and the judgment, therefore, must be affirmed.

*By the Court.*—It is so ordered.