WEST and others, Respondents, vs. ANDREWS, Appellant.

*December 6, 1917—January 5, 1918.*

*Wills: Devise of remainder: Vesting of title.*

Where a will created two life estates, first in testator's wife, and after her death in his son, and then provided that "from and after" the death of the wife and son "I give, devise, and bequeath said land" to the children of said son, naming them, the words "from and after" are construed to relate to the time of the enjoyment of the estate and not to the time of the vesting of the title thereto; hence, upon the death of the testator the title to the remainder vested in the children named. *Cashman v. Ross,* 155 Wis. 558, distinguished.

APPEAL from an order of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action to recover the purchase price of certain lands which plaintiffs by a contract in writing agreed to sell defendant and to which they claimed, and agreed to transfer, a merchantable title. Plaintiffs derived their sole title to the lands in question through the will of their grandfather, Matthew West, deceased, under the following devise:

"I give, devise and bequeath to my son, *D. W. West,* now of said town of Sylvester, the following described lands and real estate, situate in said town of Sylvester, Green county, Wisconsin, described as follows: [description of land] for and during the natural lifetime of him, the said *D. W. West,* from the time of and beginning with the death of my said wife, Sarah J. West, and from and after decease and the decease of each of them, I give, devise, and bequeath the said land and real estate hereinbefore described in this clause to the children of my said son, *D. W. West,* to wit, *Osceole West, Matthew West, Hazel West,* and *Myron D. West,* their heirs and assigns."

Sarah J. West, to whom testator in a previous paragraph of the will had given a life estate in the property in question, is dead, and the son, *D. W. West,* and his children named in

the devise joined as grantors in the tendered deed which was rejected by the defendant.    These and other facts are alleged in the complaint, to which the defendant interposed a general demurrer.    The court overruled the demurrer, and the defendant appealed.

The cause was submitted for the appellant on the brief of *Edward H. Peterson* of Janesville, and for the respondents on that of *Jeffris, Mouat, Oestreich & Avery* of Janesville.

VINJE, J.    Defendant rejected the offered deed because he claimed that under the terms of the will no title vested in the children of *D. W. West* until his death, and then it would vest in those only who survived him and in the heirs of those who predecease him.    That such was the effect of the will it is claimed was decided in *Cashman v. Ross,* 155 Wis. 558, 145 N. W. 199.    In that case the testator devised a life estate to his wife in specified lands and then directed that "after her death the said property to be divided equally between my children."    It was pointed out that there were no words of present gift or devise to the children, but that the division of the property was postponed till the termination of the life estate and then the division was to be made between the members of a general class, not between individuals named in the will, and therefore there was no vesting of title till the termination of the life estate.    In this case we have the creation of two life estates with words of present gift and devise of the remainder to individuals named in the will. So far as title is concerned, nothing remains to be done in the future.    The will provides for no division at a subsequent date.    The words "from and after" the death of the wife and the son, preceding the words of devise, must be construed to relate to the time of the enjoyment of the estate, and not to the time of the vesting of the title thereto.    The law favors an early vesting of title, and there must be a reasonably clear intention to the contrary read out of the will in

order to postpone it.  *Will of Owens,* 164 Wis. 260, 159 N. W. 906.  Here no such intention can be gathered from the will.  It creates two life estates, with remainder in words of present devise to specified individuals.  In such case, upon the death of the testator, the title of the devised premises vests in the remaindermen, the enjoyment thereof only being postponed till the termination of the life estates.  *Moran's Will,* 118 Wis. 177, 96 N. W. 367.

*By the Court.*—Order affirmed.