WILL OF O'BRIEN: DUGGAN, Executor, etc., Appellant, vs. O'BRIEN, Guardian, Respondent.

*November 17—December 14, 1920.*

*Wills: Construction: Vesting of title: Legacies to be paid in future: Death of legatee.*

1. Where testator, after providing for the payment of specific legacies, debts, and expenses, gave and bequeathed one sixth of the residue of his estate to his grandson, to be paid him with accumulated interest when he should reach the age of thirty, there was a gift *in præsenti,* absolute in form, and the interest of the legatee vested upon the death of testator, unless a contrary intent could clearly be gathered from the will.

2. The law favors an early vesting of title to an interest bequeathed by will; and unless the element of time is made a contingency on which the legatee takes, a mere postponement of time does not prevent his interest from vesting where there is a present absolute gift made by the will, the element of time being annexed to the time of payment and not to the substance of the gift.

3. Where the will provided that in case a son who was a legatee should die leaving children his share should go to them, and that in case any of the children of a deceased son, who were also legatees, should die, their shares would go to their brothers and sisters, the death referred to in each case was one occurring during the lifetime of the testator.

APPEAL from a judgment of the county court of Walworth county: JAY F. LYON, Judge. *Modified and affirmed.*

Action to construe a will. After making certain specific legacies and providing that the rest of his estate should be converted into cash, the testator's will, under clause 8, provided:

"I also give and bequeath one sixth of said sum remaining after the payment of my just debts and funeral expenses and the specific bequests which I have made herein, to my grandson, John Joseph O'Brien, said sum to be paid to my grandson by my said executor hereinafter named when my said grandson shall arrive at the age of thirty years, and in case said sum so given to my grandson, John Joseph O'Brien, must be loaned out by my said executor hereinafter named, then on his arriving at the age of thirty years he shall receive the one-sixth interest given him and all interest accumulating on the same."

Like bequests were made to three other grandchildren, naming them, under clauses 9, 10, and 11 of the will, and a bequest of one sixth was made to the executor under clause 6 in trust for testator's son Edmund, to be paid to him in such sums and at such times as the executor deemed proper. The twelfth clause of the will provided that in case my said son Edmund O'Brien "should die leaving children, then the share which I have given him shall go to his children share and share alike, and in case my said son should die leaving

no child or children, then the share which I have given him
shall go to the children of my son Michael O'Brien share
and share alike." The thirteenth clause read: "In case
any of the children of Michael O'Brien should die without
leaving any child or children, then the share which I have
given him or her shall go to the surviving children of
Michael O'Brien share and share alike."

The will was executed October 24, 1914, and in Novem-
ber, 1916, the testator, Patrick O'Brien, a widower, died at
the age of eighty-one years leaving him surviving his daugh-
ter Katherine Rainey, his son Edmund O'Brien, a grandson
and granddaughter, William Mooney and Mary Mooney,
children of his deceased daughter; John Joseph, aged seven-
teen years; Mary, aged fifteen years; Daniel, aged ten
years; and Robert, aged eight years, children of his deceased
son Michael O'Brien.

The county court held that the eighth, ninth, tenth, and
eleventh clauses of the will gave to the legatees therein
named a present absolute and vested one-sixth interest of
the remaining net estate, that the death referred to in clause
13 was one occurring in the lifetime of the testator, and that
the O'Brien grandchildren alive at the time the testator died
took a vested interest in any remainder there might be in
the one-sixth set apart in trust for Edmund O'Brien. From
a judgment entered accordingly the executor appealed.

For the appellant there was a brief by *Edward Morrissey*
of Delavan and *Curkeet & Lewis* of Madison, and oral argu-
ment by *William R. Curkeet.*

For the respondent there was a brief by *E. L. von Suess-
milch* and *C. J. Sumner,* both of Delavan, attorneys, and
*Simmons & Walker* of Racine, of counsel; and the cause
was argued orally by *Mr. John B. Simmons* and *Mr. Sum-
ner.*

VINJE, J. Speaking of the remainder of his estate after
the specific legacies and debts and expenses have been paid.

the testator says: "I give and bequeath one sixth of said sum . . . to my grandson John Joseph O'Brien," to be paid to him with accumulated interest when he shall arrive at the age of thirty years. We have here a gift *in præsenti*, absolute in form, with no restriction except a postponement of the time of payment. In such case the interest of the legatee vests upon the death of the testator unless a contrary intent can clearly be gathered from the will. *Scott v. West,* 63 Wis. 529, 24 N. W. 161, 25 N. W. 18; *West v. Andrews,* 166 Wis. 509, 166 N. W. 31. The law favors an early vesting of title. *Moran's Will,* 118 Wis. 177, 96 N. W. 367; *Will of Owens,* 164 Wis. 260, 159 N. W. 906; *West v. Andrews,* 166 Wis. 509, 166 N. W. 31. And unless the element of time is made a contingency upon which the legatee takes, a mere postponement of time does not prevent his interest from vesting where there is a present absolute gift, as there is here. In such case the element of time is held annexed to the time of payment and not to the substance of the gift. *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073; *Ohse v. Miller,* 137 Wis. 474, 119 N. W. 93. We perceive no intention in the will or circumstances of the testator or legatees to negative an intent to vest the legacy upon the death of the testator.

So, too, in consonance with such construction, it follows that the death mentioned in paragraph 13 refers to a death occurring in the lifetime of the testator. It is not so strange that he should consider the possibility that he might survive some of his grandchildren as it is that he should consider the possibility that the bequest to some of them might not need investment, though not to be paid them till they arrive at the age of thirty years, for he says: "And in case said sum so given my grandchildren . . . must be loaned out by my said executor." The youngest grandchild was only six years old at the time the will was made, and the testator was then seventy-nine years of age.

The death referred to in paragraph 12 must also be construed to refer to a death in the lifetime of the testator. The

contingent bequest to the child or children of Edmund or to the children of Michael is of the whole sum left to Edmund, not to any part thereof, as the county court found. It is manifest that if the testator referred to a death of Edmund after his own decease, he would have to consider that only a portion of the trust fund might be left. But he does not speak of a portion but of the whole thereof, showing that it was a death in his own lifetime he had in mind when the whole trust fund to Edmund would be left intact.

If upon the death of Edmund there should be any portion of his trust legacy left, it would have to be disposed of as the intestate property of the testator. To this extent the judgment of the county court is modified and as so modified is affirmed, with costs to the respondent to be paid out of the estate.

*By the Court.*—Ordered accordingly.

ESCHWEILER, J., dissents.