WILL OF FOUKS: THATCHER and others, Appellants, vs. FOUKS, Administratrix, and others, Respondents.

*October 14—November 10, 1931.*

For the appellants there was a brief by *Fuller & Lampson* of Cumberland, and oral argument by *F. L. Lampson*.

For the respondent administratrix there was a brief by *W. T. Doar* of New Richmond and *Varnum & Varnum* of Hudson, attorneys for the trustee, and oral argument by *Mr. Doar*.

NELSON, J.    The appellants contend in this court, apparently for the first time, that the $6,000 required by the third paragraph of said will to be paid by Henry Ernest Fouks to the estate of George A. Fouks was intended by paragraph six of said will to go to the residuary legatees without deduction or impairment; in other words, that when paid to the executors of said will it could not be used for the purpose of paying specific bequests or to make up in part the $15,000 given to John Sakrison in trust.   We have given careful consideration to appellants' contention and have reached the conclusion that no such intention is found in the will.

Paragraph six relates only to the rest and residue of the estate, both real and personal, including the $6,000 theretofore mentioned.   What constitutes "residue" was carefully considered in the following case: *Bradley's Will,* 123 Wis. 186, 188, 101 N. W. 393.   We conclude that appellants' first contention is without merit.

The appellants next contend that the $15,000 given and bequeathed to John Sakrison in trust for Walter George Fouks did not vest upon the death of the testator but was contingent upon the event of Walter George Fouks attaining

to the age of forty years. . The respondents, on the other hand, contend that the $15,000 left in trust for Walter, under the terms of the will as they must be construed by the well established law of this state, vested in Walter at the time of the death of his father, although the enjoyment of the principal thereof was postponed until he became forty years of age.

The question for determination, therefore, is whether the gift to Sakrison in trust for Walter vested upon the death of the testator or whether it did not vest until the happening of that certain contingency, to wit, Walter's becoming forty years of age. The question is purely one relating to the construction of the will. In construing wills there are certain rules which must be kept in mind, all of which yield to "the cardinal rule that the words of a will are to be construed so as to give effect to the intention of the testator, which intention is to be ascertained from the language of the will itself, in the light of the circumstances surrounding the testator at the time of its execution." *Ohse v. Miller,* 137 Wis. 474, 119 N. W. 93; *Donges' Estate,* 103 Wis. 497, 79 N. W. 786. "Superior to all other rules for construing wills is the one that the intention of the testator should prevail so far as that can be read out of the language used to express it." *Will of Owens,* 164 Wis. 260, 263, 159 N. W. 906; *Will of Ehlers,* 155 Wis. 46, 48, 143 N. W. 1050.

In contests such as this where controversies arise as to the vesting of an estate at the time of the death of the testator or at some later date, another rule of construction is always invoked: "The law favors the early vesting of estates." This rule has been universally adopted by the courts of both England and America. This court has repeatedly recognized the force of this rule in construing wills and has generally held that an estate or interest therein vests at the time of the testator's death unless there is expressed in the will a reasonably clear indication to the contrary. In *West v.*

*Andrews,* 166 Wis. 509, 510, 166 N. W. 31, it was said: "The law favors an early vesting of title, and there must be a reasonably clear intention to the contrary read out of the will in order to postpone it." In *Will of Owens,* 164 Wis. 260, 264, 159 N. W. 906, it was said: "The law. favors the early vesting of estates, and in case of uncertainty respecting the purpose intended to be expressed by a testator, a construction which will accomplish that result is to be preferred to one which will not." In the latter case it was held that, in the absence of unmistakable indication that the testator did not intend that her children living at the time of her death should take an absolute vested title to her property, such property would be construed as vesting at the time of her death. The same rule was stated in *Williams v. Williams,* 135 Wis. 60, 65, 115 N. W. 342: "Estates . . . given by will should always be regarded as vesting immediately, unless the testator has, by very clear words, manifested an intention that they should be contingent upon a future event; and where the time of payment or distribution is merely postponed for the convenience of the fund or property or to let in others, the vesting will not be deferred until that period." Numerous other decisions of this court are to the same effect.

The appellants earnestly contend that, although the rule is well established in favor of early vesting where the time of payment or distribution is postponed for the convenience of the fund or estate or to let in other estates, nevertheless when the postponement of the payment of a legacy is for reasons personal to the testator, then the title does not vest until the time of payment; in other words, that in such a case the legacy is contingent, not vested. We have been unable to find any case in which this court has so decided. While the appellants' contention may be supported by language found in some of the decisions of other courts, we do not think that any such rule has ever been adopted by this court. In *Will of Roth,* 191 Wis. 366, 210 N. W. 826, *Scofield v. Olcott,* 120 Ill. 362, 11 N. E. 351, was mentioned and a

quotation therefrom was recited, but there is certainly no approval of the specific rule contended for, and certainly no such rule was invoked in that decision. It is well settled "that where a future gift is postponed in order to let in some other interest or, as it is sometimes expressed, for the benefit of the estate, the gift is vested although the enjoyment is postponed." *Will of Roth, supra; Will of Inbusch,* 193 Wis. 10, 11, 212 N. W. 634; *Williams v. Williams, supra.* This rule is not an expression of all conditions under which vesting takes place but rather a statement of conditions under which vesting always takes place.

Prior to the decision in *Will of Roth, supra,* it was held in *Ohse v. Miller, supra* (p. 477), that "the real inquiry is whether the element of time is annexed to the gift itself as a condition precedent or merely to the payment of it." In *Will of O'Brien,* 173 Wis. 41, 44, 180 N. W. 141, it was held that "unless the element of time is made a contingency upon which the legatee takes, a mere postponement of time does not prevent his interest from vesting where there is a present absolute gift, as there is here. In such case the element of time is held annexed to the time of payment and not to the substance of the gift. *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073; *Ohse v. Miller,* 137 Wis. 474, 119 N. W. 93."

In *Will of Roth, supra,* Mr. Justice OWEN, speaking for the court, stated the rule a little differently but in language which is both clear and precise (p. 371) :

"The fundamental rule seems to be that where a legacy is postponed the time of vesting depends upon whether the postponement relates merely to the enjoyment of the legacy or whether it is attached to the substance of the gift. Where it is attached to the substance of the gift the vesting is postponed, but where the postponement relates merely to the enjoyment of the gift, vesting takes place as of the date of the death of the testator. Whether it is for one purpose or the other is sometimes a difficult question, but it is well settled that where a future gift is postponed in order to let in some

other interest or, as it is sometimes expressed, for the benefit of the estate, the gift is vested although the enjoyment is postponed. Note, L. R. A. 1915 C, p. 1049."

This language again received the approval of this court in *Will of Inbusch, supra.*

Applying the established rules of law to the facts of this case, we conclude that while the will itself does not contain express language showing that it was the intent of the testator that the fifteen thousand dollar bequest in trust should vest immediately upon his death there is nothing in the will to show a contrary intention: nothing by way of limitation, nothing to show that the bequest was made upon condition that Walter should live to the age of forty years, and nothing by way of remainder over in case he died prior to that time. At the time the testator made his will it is very evident that, while considering the residuary part of his estate, he contemplated that his daughters, or some of them, might die, and he provided for the disposition of such share or shares. In paragraph 4th, however, there is no such language or anything to show an intention on the part of the testator that this bequest should not vest.

It is very clear, therefore, that the well established rules of law hereinbefore mentioned apply and that this bequest should be construed to have vested in Walter at the time of the death of his father. There is nothing in the will to suggest an intention of the testator to disinherit the wife and the children of his son Walter. ·

It is our conclusion that, upon the death of the testator, there vested in John Sakrison, the trustee, and Walter George Fouks the legal and equitable estates respectively; that as *cestui que trust,* Walter had an estate in the trust funds as against all persons except the trustee. *Scott v. West,* 63 Wis. 529, 24 N. W. 161, 25 N. W. 18; *Baker v. Estate of McLeod,* 79 Wis. 534, 48 N. W. 657; *Burnham v. Burnham,* 79 Wis. 557, 48 N. W. 661; *Williams v. Williams,*

135 Wis. 60, 115 N. W. 342. Upon the death of George A. Fouks the $15,000 bequest vested in Walter, and upon the death of the latter became subject to the terms of the latter's will. For the reasons stated the judgment of the county court of St. Croix county must be affirmed.

*By the Court.*—Judgment affirmed.