ESTATE OF RYAN: ROCK COUNTY SAVINGS & TRUST COM-
PANY, Administrator, and others, Appellants, vs. RYAN,
Trustee, and others, Respondents.

*January 13—February 9, 1937.*

For the appellants there was a brief by *Fisher & Fisher* of Janesville, attorneys for the administrator, and *Mary C. Whelan* of Beloit, attorney for the widow and certain creditors, and oral argument by *Cleland P. Fisher.*

For the respondents there was a brief by *Raymond C. Fett* of Janesville, attorney for the trustee, and *Arnold, Caskey & Robson* of Beloit, attorneys for Norma Ryan and Grace Quallman, and oral argument by *Mr. Fett.*

WICKHEM, J.   Daniel Ryan died testate on December 21, 1929, leaving surviving him his widow, Ellen E. Ryan, two sons, James and Daniel Francis, and two daughters, Norma Ryan and Grace Quallman.   The will made provision for the widow and children.   By the eighth clause certain property was devised to the widow as trustee for the son Daniel Francis.   This clause recites that Daniel Francis is a spendthrift who squanders his money in a useless way, and that it is not wise to give him the management of any money and property.   The trustee is directed out of the rents and profits of the property to pay to Daniel Francis, commencing two years after testator's death, the sum of $100 annually.   The will then proceeds:

"If at the expiration of five years after my death my said son shall have amended and corrected his said bad habits, and the county court of Rock county shall upon petition and proper proceedings had for such purpose shall so adjudge and so direct then and in that event my said trustee or her successor in trust shall deliver the corpus of said trust to my said son Daniel Francis Ryan and shall convey said real estate to him with the burdens thereon to be paid by him, and the said trust shall be discharged and satisfied; but if the judgment of

14

the court shall be adverse to the transfer of the corpus of said fund and trust to him, then a like proceeding may be had in two years thereafter for the above-named purposes and biennially thereafter. If the corpus of said trust be not paid over to my said son during his lifetime and he shall die leaving legitimate children living then upon his death said fund shall be paid over and conveyed to his said legitimate children; but if he die leaving no legitimate children then upon his death the said corpus of said trust shall be paid over and conveyed to my then living children or child or children of such deceased child by representation and the said trust shall then be satisfied and discharged. The accumulations of said trust fund shall be distributed in the same manner as the corpus of said trust."

Daniel Francis Ryan died within the five-year period named in the will, leaving surviving a widow, his mother, a brother, James H. Ryan, and two sisters, Norma Ryan and Grace Quallman. It is the position of the petitioner that Daniel Francis Ryan took a vested interest in the subject matter of the devise; that this interest was subject to being divested by a condition subsequent, namely, his failure to mend his habits and demonstrate his capacity for handling money; that since this was a vested estate subject to being divested by condition subsequent, the death of Daniel Francis within the five-year period rendered impossible performance of the condition subsequent. Reliance is had on *Burnham v. Burnham,* 79 Wis. 557, 566, 48 N. W. 661, in which it is said:

"The rule of law is well settled, and in fact elementary, that, 'if a condition subsequent be possible at the time of making it, and becomes afterwards impossible to be complied with, either by the act of God, or of the law, or of the grantor; or if it be impossible at the time of making it, or against law,—the estate of the grantee, being once vested, is not thereby divested, but becomes absolute.' "

Petitioner relies strongly upon the general rule that the law favors the early vesting of title, and that a reasonably

clear intention to the contrary must be read out of the will in order to postpone it. *West v. Andrews,* 166 Wis. 509, 166 N. W. 31; *Will of Owens,* 164 Wis. 260, 159 N. W. 906; *Williams v. Williams,* 135 Wis. 60, 115 N. W. 342; *Will of Fouks,* 206 Wis. 69, 238 N. W. 869. This principle is too well established to warrant extended discussion or the citation of all the cases establishing it. It must be considered, however, in connection with another rule thus stated in *Flint v. Wisconsin Trust Co.* 151 Wis. 231, 238, 138 N. W. 629:

"The rule of law which favors vested estates rather than contingent ones at the present time is practically a rule of construction that may have controlling weight in a close or doubtful case, but cannot be invoked to defeat the intent of the testator when that intent is reasonably clear."

See also *Will of Elmore,* 165 Wis. 266, 162 N. W. 438.

It is the plain direction in the will that—

*"If the corpus of said trust be not paid over to my said son during his lifetime* and he shall die leaving legitimate children living then upon his death said fund shall be paid over and conveyed to said legitimate children; but if he die leaving no legitimate children then upon his death the said corpus of said trust shall be paid over and conveyed to my then living children or child or children of such deceased child by representation and the said trust shall then be satisfied and discharged."

This describes in language not to be misunderstood a contingency which affects the disposition of this property. This contingency is not the failure of the son to reform within a fixed period, in which case the doctrine of the *Burnham Case* might be applicable. The will is unambiguously to the effect that if the corpus shall not have been paid over to the son during his lifetime, it is to be disposed of as above set forth. There was no such clause in the will considered in the *Burnham Case.* In the *Burnham Case* there was a will and a codicil. The original will contained an absolute legacy for one of testator's sons. The codicil, which had some superficial similarity to the clause under examination here, provided in sub-

stance that the share of the son be held by trustees until the expiration of five years after his death and thereafter, unless the son shall have reformed, until his youngest child shall have arrived at the age of twenty-five years. It was provided that if the son shall not have reformed or become a man of good character at the expiration of ten years after testator's death, his executors were to pay the money to the grandchildren when the youngest shall have arrived at the age of twenty-five years. The court held that the son's share vested subject to being divested by a condition subsequent; that the death of the son made performance of the condition impossible; and that his estate became absolute. The doctrine of this case has been criticized. See, Effect of Impossibility in Conditions in Wills, 34 Michigan Law Review, 909. However, it is not necessary at this time to consider its correctness. It has no application to the instant case. In the Burnham will there was no provision as to disposition of the estate applicable to any time prior to ten years after testator's death nor was there any clause in any way equivalent to the one in the case at bar disposing of the property if at the son's death he shall not have received the corpus.

The clause under examination here makes a specified disposition of Francis' share upon the happening of a contingency. It does not create a condition either precedent or subsequent to be performed by the son. The situation is analagous to that in *Will of Hill,* 215 Wis. 72, 253 N. W. 787. In that case testator had just taken a child for adoption, but neither he nor his wife had determined to keep her. The will provided a legacy for the child provided she should stay with the widow until majority. After the testator's death, the widow decided not to keep the child. It was held that the gift depended upon a contingency that never happened, and that the question of performing a condition was not involved. Here the vesting of the estate, both in interest and possession, was

contingent upon the survival by the son of the five-year pe-
riod, since it is plainly intended that if for *any reason* he shall
not have received the corpus by the time of his death, the
directions for its disposition contained in the same clause are
to apply. The trial court correctly held that the will is unam-
biguous and not susceptible of the construction urged by peti-
tioner.

*By the Court.*—Judgment affirmed.