TRIBA, Appellant, vs. LASS and another, Respondents.

*April 7—May 2, 1911.*

*Wills: Title to land, when vests: Power of county court: Order of distribution: Effect on lease made by testator: Estoppel.*

1. The title to real estate owned by a testator at the time of his death vests immediately in the devisees thereof named in the will, subject to the rights of his creditors.

2. The county court has power to construe the will and determine what distribution was intended by it; but its decree can only determine the respective interests of the parties in such title as the testator had at the time of his death, and cannot adjust equities between the devisees and persons who had acquired rights in the property from the testator during his lifetime.

3. Thus, a final order of distribution assigning, transferring, and setting over to a devisee certain real estate for and during the period of his natural life, does not convey to him a full unincumbered life estate as against a lease made by the testator to another person for the life of the lessee, even though such lessee was an executrix of the will and a party to the proceeding in the county court.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Prior to August 22, 1902, Josephine Triba was the owner in fee of certain property in the city of Milwaukee, consisting of a lot with two houses thereon. On the above date she died, leaving a will duly executed, which was afterwards admitted to probate, wherein she devised to the plaintiff, her son, a life estate in the premises referred to. The defendant *Anna Lass* is the daughter of Josephine Triba, and she, with her husband, was at the time of her mother's death, and still is, in possession of the first floor of one of said houses. This is an action in ejectment brought by the plaintiff to recover possession of the portion of the premises occupied by the defendants and for the value of the use and occupation thereof up to the time of the commencement of the action. The defendants

claim right of possession under an instrument in writing dated June 21, 1902, executed by Josephine Triba, wherein. the part of the premises occupied by them was leased to the defendant *Anna Lass* during her lifetime, said defendant being required by the terms of the lease to pay an annual rental of $36. Upon a special verdict by a jury judgment was entered dismissing plaintiff's complaint, from which judgment plaintiff appeals.

. *F. H. Gugel,* for the appellant.

For the respondents there was a brief by *Froede & Bodenstab,* and oral argument by *H. H. Bodenstab.*

BARNES, J. No finding was made by the jury and none was requested in reference to the execution and delivery of the lease under which *Anna Lass* claims. We must presume in support of the judgment that the court found that the lease was duly executed and delivered. The evidence is sufficient to support such a finding.

The final order of distribution in the county court contained the following: "To *Frank Triba* there is hereby assigned, transferred, and set over all the real estate above described, for and during the period of his natural life," etc. *Anna Lass* was the executrix named in the will of her mother and acted as such and was a party before the court in the probate proceedings. The plaintiff contends that the final order of distribution conveys to him a full unincumbered life estate in the real estate of his mother and that *Anna Lass* is concluded by that decree, being a party to the proceeding, and that if she intended to set up any claim to a leasehold interest she should have litigated such claim in the county court and insisted that the life estate devised to the plaintiff be assigned to him subject to her lease.

The title to the real estate owned by the deceased at the time of her death immediately vested in the devisees named in the will, subject to the rights of her creditors to have their

claims paid out of such real estate if the personal property available for such purpose was insufficient. *Gillett v. Treganza,* 13 Wis. 472; *Williams v. Davis,* 18 Wis. 116; *Markwell v. Thorn,* 28 Wis. 548; *Jones v. Roberts,* 84 Wis. 465, 471, 54 N. W. 917; *State ex rel. Beals v. Probate Court,* 25 Minn. 22; *Williams v. Williams,* 135 Wis. 60, 115 N. W. 342; *Flood v. Pilgrim,* 32 Wis. 376.

The county court had the power to construe the will and determine what distribution was intended by it, and it may be conceded for the purpose of this appeal that its judgment until reversed would be binding on all persons in interest who were parties to the proceeding and properly before the court. *Appeal of Schæffner,* 41 Wis. 260; *Estate of Schæffner,* 45 Wis. 614; *Estate of Eastman,* 24 Wis. 556; *Glover v. Reid,* 80 Mich. 228, 45 N. W. 91; *Greenwood v. Murray,* 26 Minn. 259, 2 N. W. 945; *Perkins v. Owen,* 123 Wis. 238, 101 N. W. 415; *Estate of Leavens,* 65 Wis. 440, 27 N. W. 324. At the time of the death of the testatrix her property was incumbered by and subject to the leasehold interest of *Anna Lass.* The decree of the county court could only determine the respective interests of the parties in such title as the decedent had at the time of her death. It could not adjust equities between the devisees and persons who had acquired rights in the property from the testatrix during her lifetime. *Gillett v. Treganza,* 13 Wis. 472, 478; Gary, Probate Law (3d ed.) § 630. It follows from what has been said that the county court had no jurisdiction to adjudicate the rights of *Anna Lass* under her lease and therefore the judgment could not affect such rights. It is but fair to say that the court probably had no intention of doing anything further than to make such a distribution of the property as the will called for, although the language of the decree is quite broad and is susceptible of the construction contended for by the appellant. The defendant paid the rent stipulated for in this lease to her brother for a period of about five and one-half years after the

death of the mother and until he refused to receive it any
longer. The plaintiff is a mute who' can neither read nor
write, and it may well be that he received the rent tendered
after his mother's death without knowledge of the existence of
the lease, or at least of its terms, although the jury found
otherwise. If the leasehold interest was not affected by the
judgment of the county court, then it is immaterial whether
plaintiff knew of the existence of the lease or not, as his igno-
rance on that subject did him no injury. The appellant can-
not complain of the failure of the lessee and executrix to re-
tain the rents during the administration of the estate to pay
the expense of such administration, because he certainly is no
worse off by reason of having been paid this rent from month
to month than he would be if it had been retained and used
for other purposes. The foregoing conclusions render it un-
necessary to consider other questions that are discussed on the
appeal, and it follows therefrom that the judgment of the cir-
cuit court is correct and should be affirmed.

*By the Court.*—Judgment affirmed.