ESTATE OF GARBADE.

*April 10—May 12, 1925.*

*Wills: Construction: Service on interested minors: Appearance by guardian ad litem: Construction in final decree.*

1. Proceedings for the construction of wills without personal service on interested minors as provided in sub. (1) and (4), sec. 2636, and sec. 3791a, Stats., are not approved, notwithstanding the appearance of the guardian *ad litem* of the minors. p. 108.
2. A will may be construed in a final decree allowing a final account, determining the inheritance tax, and assigning the residue of the estate. p. 108.

3. In a proceeding to expunge from the record and to declare null and void a final decree construing a will and distributing the estate, on the ground that the decree incorporated a previous construction on proceedings in which the court did not have jurisdiction, the final decree is sustained in the absence of anything in the record from which it might be inferred that the court did not give the will full and careful consideration in rendering its final decree.   p. 108.

APPEAL from an order of the county court of Washington county: P. O'MEARA, Judge.  *Affirmed.*

For the appellant there was a brief by *Otto A. Lemke,* attorney, and *M. H. Sell,* of counsel, both of Milwaukee, and oral argument by *Mr. Sell.*

For the respondent there was a brief by *Sawyer & Gehl* of Hartford, and oral argument by *Edward G. Gehl.*

JONES, J.   George Garbade died on October 10, 1915, leaving a wife and four children, one, the appellant, by a former wife.  By his will all the property was to go to his wife and the children, with a provision that each child, as he or she reached twenty-one years of age, should receive $1,000 from the estate.  An executor was appointed, and on February 6, 1917, a petition was filed under sec. 3791a of the Statutes for a construction of the will.  A hearing on this petition was had, and C. E. Robinson, who had been appointed guardian *ad litem* for all of the children, who were then minors, appeared at the hearing although he was not served with notice of the proceedings.  The court construed the will as giving to the widow a life estate in the residue of the property, and afterward substantially the same construction was given in the final decree.  The appellant, *Henry Garbade,* son of the deceased by a former marriage, was eighteen years of age at the time of these proceedings, and it is admitted that he did not receive any notice of the proceedings.  He lived on the farm until he was twenty-one years of age and then received the $1,000 allowed him under the will and left the farm.  Four and one-half years

later, in July, 1924, he consulted a lawyer about the will of his father and learned for the first time of the construction of the will made under the petition of February 6, 1917. This appeal is from an order dismissing the petition of the appellant which asked that the order of the county court of May 1, 1917, construing the will of the decedent be expunged from the records and be declared null and void for failure to serve notice on the appellant, and also that the judgment of the court allowing the final account and assigning the estate and construing the will, entered in the court on the 21st of May, 1917, be expunged from the records and declared null and void, and that after expunging the order of May 1, 1917, construing the will, and the judgment from the records, the court make an order construing the will of the decedent.

Sec. 3791a of the Statutes plainly provides that in proceedings of this kind for the construction of wills there shall be personal service on the minors, and it is conceded that there was no service in this proceeding. This section together with sub. (1) and (4), sec. 2636, provide for the manner of service. It is argued by the counsel for the appellant that the statute is mandatory and jurisdictional and that the failure to comply with it renders the proceedings null and void; that the appearance of the guardian *ad litem* was for himself alone and had no effect on the rights of the minor; that if there had been service on the minor, who was eighteen years old, he might have consulted with friends or relatives and a different course might have been adopted. Counsel for the respondent argue that since the guardian *ad litem* was appointed some years before these proceedings to construe the will, had acted as such guardian, and the record as to the proceedings to construe the will recited his appearance, the record must stand as a verity.

It is further argued that sec. 4052a provides that every person under disability shall appear and conduct or defend by a guardian *ad litem;* that this method is exclusive and the

appellant could appear in no other way; and that the failure
to serve on the minor was waived. This case has been de-
cided on another ground and it is not necessary here to dis-
cuss this subject. It suffices to say that the proceeding
adopted is not approved, and it is hoped that it is not gen-
erally followed in probate courts. The true course and the
reasons are well pointed out in Zimmerman's Wisconsin Pro-
bate Practice, §§ 472, 473.

Later an application was made for the allowance and
adjustment of the final account, the determination of the
inheritance tax, the construction of the will, and the as-
signment of the residue. An order was duly made and
notice of the time and place was given as required by law.
A final decree was duly made and the will was construed as
before. Counsel for the appellant do not attack the regularity
of this proceeding as being without proper notice. They do
not contend that in a final decree the court may not construe
a will. This power is too well settled to call for any dis-
cussion. *Estate of Ross,* 181 Wis. 125, 194 N. W. 151;
*Triba v. Lass,* 146 Wis. 202, 131 N. W. 357. As was said
in the case of *Estate of Lyons,* 183 Wis. 276, 197 N. W. 710,
"This provision [sec. 3791a, Stats.] has no application to
the construction of a will by the final decree. The court
cannot assign the estate without construing the will. If it
has jurisdiction to enter a final decree it has jurisdiction
to construe the will." But it is contended as stated in the
brief that the court cannot, as it did in this case, incorporate
the construction under sec. 3791a in its final decree, and, if
it failed to acquire jurisdiction under sec. 3791a, render
valid its previous invalid proceeding by the subterfuge of
including such invalid construction in its final decree. There
is nothing in the record from which we can infer that the
court did not give to the will full and careful consideration
in rendering the final decree and assigning the estate. Coun-
sel argue that the proper construction of the will was not

given to it. But that is not a question which can be raised at this time and in this proceeding.

Other subjects such as laches and defects in the petition of the appellant are argued in the briefs, but in view of our decision they do not require any discussion.

*By the Court.*—The order appealed from is affirmed.