## WILL OF INBUSCH.

*February 10—May 3, 1927.*

*Wills: Construction subsequent to final judgment: When title vests: Future gift postponed to let in life estate.*

1. Where testatrix by her will gave the residue of her estate to her husband and her three sons share and share alike, with the provision that the husband's share should be held in trust and the income paid to him during his life, and upon his death the principal given to the sons, the residue of the estate vested in the sons as of the date of the death of testatrix. pp. 11, 12.

2. The gift to the sons being a present one, and upon "the death of either of them then to his heirs," when one son died intestate, unmarried and without issue, before the death of the father, his interest passed by gift from the testatrix to the father. p. 12.

3. The fact that a final decree in the estate of testatrix was entered in 1916 did not prevent the county court from construing her will in 1926, where such final decree assigned the portion of the estate involved by incorporating therein the words of the will without attempting a construction of the language. p. 13.

APPEAL from an order of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Reversed.*

This was an appeal from an order construing the will of Mary B. Inbusch, deceased.

Deceased by her will gave the residue of her estate to her husband and her three sons share and share alike, with the provision that the share going to the husband should be held in trust and the income therefrom paid to him during his life, and upon his death the principal of the trust estate was given, devised, and bequeathed to testator's three sons, "equally share and share alike, and in the event of the death of either of them then to his heirs."

One son died intestate, unmarried and without issue before the death of the father. Upon an application to construe the portion of the will quoted above the county court

decided that the word "heirs" as used in the portion of the will quoted above refers to "a class to come into existence as heirs at some future time. That the membership of this unnamed class of heirs must survive the husband of the testatrix in order to take the remainder." Judgment was entered determining that the two sons who survived the father inherited the share of the residue of the estate which would have gone to the deceased son had he survived his father. From this order the executrix of the father's will appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Howard T. Foulkes,* of counsel, all of Milwaukee, and oral argument by *Mr. Foulkes.*

For the respondents there was a brief by *Lenicheck, Boesel & Wickhem,* attorneys, and *Frank T. Boesel,* of counsel, all of Milwaukee, and oral argument by *Mr. Boesel.*

The following opinion was filed March 8, 1927:

STEVENS, J. (1) The first question presented is the time when the title to the one-fourth interest in the residue of the estate, given to the decedent's husband for life, vested in the sons of the deceased. In determining this question "the fundamental rule seems to be that, where a legacy is postponed, the time of vesting depends upon whether the postponement relates merely to the enjoyment of the legacy or whether it is attached to the substance of the gift. Where it is attached to the substance of the gift, the vesting is postponed, but where the postponement relates merely to the enjoyment of the gift, vesting takes place as of the date of the death of the testator. Whether it is for one purpose or the other is sometimes a difficult question, but it is well settled that where a future gift is postponed in order to let in some other interest or, as it is sometimes expressed, for the benefit of the estate, the gift is vested although the enjoyment is postponed." *Will of Roth,* 191 Wis. 366, 371, 210 N. W. 826, 827, 828.

Here the gift to decedent's son of this one-fourth interest in the estate is postponed to let in the prior gift of the income for life to the husband of the testatrix. There is no restriction of the gift in favor of survivors or of a class to be determined in the future. The gift is a present one to the three sons of the testatrix "and in the event of the death of either of them then to his heirs." The postponement of the enjoyment of the interest in the estate by the sons was merely for the purpose of letting in the life estate which the testatrix bequeathed to her husband. The residue of the estate vested in the children of the testatrix as of the date of the death of the testatrix. *Will of Roth, supra.*

One of these sons having died intestate and without heirs other than his father prior to the death of the father, the father became his sole heir and a one-third interest in the property given the father for life passed by gift from the testatrix to the father as the heir of the deceased son and is now a part of the estate of the father.

(2) The fact that a final decree in the estate of the testatrix was entered in 1916 did not prevent the court from construing this provision of the will in 1926. The final decree assigned the portion of the estate here in question by incorporating therein the words of the will which are here in question, without attempting any construction of the language used by the testatrix.

The county court had full power to construe the will at the time final judgment was entered. If the final judgment had in fact construed this provision of the will, that construction would now be final and binding on all parties in interest who had notice of the application to enter final judgment. *Triba v. Lass,* 146 Wis. 202, 204, 131 N. W. 357. But the final judgment does not construe this provision of the will. Instead it incorporated the language of the will without attempting in any way to determine its meaning.

To hold that the entry of the final judgment which assigns property in the language of the will itself prevents a construction of the language of the will which is incorporated into the final judgment would mean that the rights of the parties to the portion of the estate here in question must forever remain undetermined by judicial decision. Such a construction would deny these parties the "certain remedy in the laws" that is guaranteed to them by the constitution of the state and would be contrary to the long established practice in Wisconsin under which the courts have repeatedly taken jurisdiction to construe wills after final judgment has been entered in those cases in which the final judgment in the county court does not attempt to construe the portion of the will which is in question. We therefore conclude that the county court had jurisdiction to construe the will at the time it entered the order from which this appeal is taken.

*By the Court.*—The order of November 12, 1926, construing the will is reversed, and the cause remanded with directions to enter an order construing the will in accordance with this opinion.

The respondents moved for a rehearing.

In support of the motion there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, attorneys for *Edward H.* and *Ralph C. Inbusch,* and a brief by *Emil G. Rahr* of Milwaukee, attorney for *Adelbert C. Schmidt,* administrator.

In opposition thereto there was a brief by *Quarles, Spence &. Quarles,* attorneys, and *Howard T. Foulkes,* of counsel, all of Milwaukee.

The motion was denied, without costs, on May 3, 1927.