## WILL OF BRANDSTEDTER.

*March 5—April 2, 1929.*

*Arthur H. Shoemaker* of Eau Claire, for the appellant.
*E. M. Bradford* of Augusta and *E. S. Jedney* of Black River Falls, for the respondents.

STEVENS, J. (1) The county court had power to construe the will in the final judgment so far as it was necessary in order to assign the estate of the testator. In fact the court could not assign the estate by the final judgment "without construing the will." *Estate of Lyons,* 183 Wis. 276, 279, 197 N. W. 710.

(2) The will was so ambiguous as to permit the introduction of proof that would aid the court in determining the intent of the testator. Under the presumption as to the regularity of judicial proceedings, we must assume the proof taken when the final judgment was entered was confined to testimony which might properly be received for the purpose of ascertaining the intent of the testator,—which must be gathered from the will itself, viewed in the light of the attending circumstances.

(3) The construction given the will in the final judgment is binding on all parties interested in the estate until reversed or set aside upon appeal or in some proceeding that constituted a direct attack upon that construction of the will. *Triba v. Lass,* 146 Wis. 202, 204, 131 N. W. 357. Appellant cannot make this application to amend the final judgment serve the purpose of an appeal to set aside or modify the construction given to the will in the final judgment. The

time within which he could appeal from that judgment has long since expired.

(4) Appellant cannot have that final judgment set aside or modified on the ground, as he alleges, that the court based its construction upon evidence erroneously received to show testator's intention. The record is barren of any proof that the court permitted the scrivener to give incompetent testimony at the time the final judgment was entered. But even if we assume, as appellant does, that the court permitted the scrivener to testify, when the final judgment was entered, as to what he knew to be the intent of the testator, that at most would constitute an error which would lead to reversal upon appeal. The admission of that testimony does not give the court the power on this application to either set aside the judgment or to modify the construction given the will in that final judgment.

(5) In order to secure the relief demanded appellant must present some ground which will warrant a court in determining that appellant is not bound by the terms of this final judgment. The only possible ground for such relief is found in the fact that appellant was a minor at the time the judgment was entered and that he was not represented by guardian *ad litem.*

(6) It is well established that an infant is not bound by a judgment unless he is represented by guardian *ad litem* at the time of its entry. *Will of McNaughton,* 138 Wis. 179, 194, 118 N. W. 997, 120 N. W. 288. Appellant could not be charged with laches, consent, or ratification during the period of his minority, but that immunity did not continue throughout his majority. He had a reasonable time after becoming of age in which to disaffirm the judgment and to ask the court to set it aside on the ground that he was not represented by guardian *ad litem. O'Dell v. Rogers,* 44 Wis. 136, 174.

After appellant was fully informed as to the terms of the

judgment, he did not allege the absence of representation by guardian *ad litem* as a ground for relief in the petition now before the court. It seems plain that the court was warranted in finding that his right to relief was barred by the fact that he did not question this judgment for more than twenty years after he became of age. This finding presented an issue of fact for the court. The exact condition of the title to his father's property could have been ascertained by an inspection of the records of the county in which appellant passed many years after he became of age. We cannot say that this finding of the trial court is contrary to the great weight or clear preponderance of the evidence. Appellant's right to the relief asked was barred by his failure to act within a reasonable time after he became of age.

*By the Court.*—Order affirmed.