WILL OF MONAGHAN.

FARRELL, Appellant, vs. NORTHWESTERN LOAN & TRUST COMPANY, Respondent.

NORTHWESTERN LOAN & TRUST COMPANY, Appellant, vs. FARRELL, Respondent.

*April 30—June 24, 1929.*

274

For the petitioner, Mary T. Farrell, there was a brief by *Schmitz, Wild & Gross* of Milwaukee, attorneys, and *Arthur B. Ames* of Kenosha, guardian *ad litem,* and oral argument by *E. J. Gross* and *A. J. Schmitz.*

For the Northwestern Loan & Trust Company there was a brief by *Stephenson, Fisher & Richardson* of Kenosha, attorneys, and *Miller, Mack & Fairchild* of Milwaukee, of counsel, and oral argument by *Edwin S. Mack* and *Clarence J. Fisher.*

CROWNHART, J.   It is conceded that the county court duly probated the will of the testatrix and adjudged final distribution of the estate.   In *Will of Inbusch,* 193 Wis. 10, 212 N. W. 634, we held that the judgment of the county court assigning the estate did not construe the will, and the will was open for construction in a subsequent action.   In that case it clearly appeared that the court did not attempt to construe the will but merely assigned the estate in the language of the will.   The court said:

"The county court had full power to construe the will at the time final judgment was entered.   If the final judgment had in fact construed this provision of the will, that construction would now be final and binding on all parties in interest who had notice of the application to enter final judgment.   *Triba v. Lass,* 146 Wis. 202, 204, 131 N. W. 357. But the final judgment does not construe this provision of

the will. Instead it incorporated the language of the will without attempting in any way to determine its meaning."

The county court administering an estate has full jurisdiction to construe a will, and exclusive jurisdiction to do so where it can afford a complete and efficient remedy. *Cawker v. Dreutzer,* 197 Wis. 98, 221 N. W. 401. In the instant case the court necessarily had to construe the will in order to assign the estate. It could not assign the part of the estate to the Northwestern Loan & Trust Company without holding the trust created by the eighth article a valid trust. We therefore hold that appellant Farrell should have presented her claim in the probate proceedings in the county court and that she is concluded by the judgment in that proceeding. That judgment is *res adjudicata* of the subject matter here presented.

It is unnecessary to proceed further, but as the proper construction of the trust has been fully and ably presented, we deem it best to pass on the question so raised. The appellant Farrell contends that the trust created by article eighth of the will is void for indefiniteness. That subject has been often before this court. *Dodge v. Williams,* 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103; *Sawtelle v. Witham,* 94 Wis. 412, 69 N. W. 72; *Harrington v. Pier,* 105 Wis. 485, 82 N. W. 345; *Will of Kavanaugh,* 143 Wis. 90, 126 N. W. 672; *Estate of Briggs,* 189 Wis. 524, 208 N. W. 247.

However, since these decisions the legislature of 1917 created sub. (7), sec. 231.11, Stats., relating to uses and trusts, which reads as follows:

"No trust for charitable or public purposes, whether in real or personal property, shall be invalid for indefiniteness or uncertainty where power to designate the particular charitable or public purpose or purposes to be promoted thereby is given by the instrument creating the same to the trustees, or to any other person or persons."

That amendment is conclusive of the objection to the validity of the trust raised by appellant Farrell. There is

now no uncertainty or indefiniteness in the trust under consideration, for the reason that power is given by the will to the trustee to designate the particular purpose to be promoted thereby.

Generally, a person competent to make a will may give or devise his property as he wishes within the public policy of the state. Gifts to charity are favored in the law. The trust here created is well within sound public policy. The act of the legislature is remedial and must be liberally applied. Its intent is clearly expressed. The trust is valid and enforceable.

*By the Court.*—The judgment of the county court dismissing the petition is affirmed.