WILL OF HILL: THOMPSON, Appellant, vs. HILL, Executrix, Respondent.

*March 8—April 3, 1934.*

*Fred Doering* of Milwaukee, for the appellant.

*Harland H. Hill* and *C. M. La Mar,* both of Baraboo, for the respondent.

WICKHEM, J. By the will in question, all of testator's property is bequeathed to his wife, conditioned, among other things:

"c. That she pay to Mabel Hill (a girl we have given a home to, not our natural or adopted daughter) if she shall stay with my wife until she shall have arrived at the age of twenty-one years, the sum of five hundred ($500) dollars."

Claimant was taken by testator and his wife from the Children's Home and Aid Society of Milwaukee, without any arrangements for adoption, and at the time of the execution of the will no decision to adopt Mabel had been reached. The will was drawn in 1915, and testator died three days later. At that time Mabel was about five years

old. Shortly after the death of testator, Mrs. Hill decided that she could not keep Mabel, sent her back to the Home, and never heard from her from that time until the fall of 1932. Mabel first heard about the legacy a week or so before her twenty-first birthday. The will of Henry Hill was admitted to probate on July 6, 1915, and the final judgment entered March 9, 1916, assigned the legacy to Mabel in the language of the will.

Claimant's contention seems to be that the legacy depended upon the performance of a condition; that since Mabel had no knowledge of the legacy or condition, and since, further, she was prevented from performing by the act of Mrs. Hill in returning her to the Home, she is not to be treated as in default and must be considered to have constructively performed the condition. The contention is without merit. The question presented has nothing to do with performance on the part of claimant or Mrs. Hill, or default by either. The gift is plainly contingent upon an event that never happened, since Mabel Hill did not live with Mrs. Hill until she was twenty-one years of age. If it were to be conceded that the language of the will is ambiguous, circumstances surrounding its execution make plain the intention of the testator. Claimant was taken into testator's family without any definite arrangements for keeping her, and the will was executed before any determination to adopt her had been made. The testator could not have intended to impose the performance of any duties to his wife upon a five-year-old child; neither could he have intended to have imposed upon his wife a duty to keep the child when he himself had arrived at no such determination. The intent was merely to provide for claimant should she in fact stay with Mrs. Hill during minority. That is to say, if Mrs. Hill decided to keep her and she decided to stay, and did stay, she was to have the legacy; otherwise not. Mrs. Hill elected to return claimant to the Home, and this made it impossible

for the event to happen upon which claimant's right to the legacy depended.

It is contended that since the county court, on March 17, 1916, entered a final decree in the estate of testator, by the terms of which the legacy of $500 was assigned to Mabel Hill in the language of the will, that claimant's right to the legacy is *res adjudicata*. The question thus raised was settled by this court adversely to the claimant's contention in *Will of Inbusch,* 193 Wis. 10, 212 N. W. 634. There the court said:

"If the final judgment had in fact construed this provision of the will, that construction would now be final and binding on all parties in interest who had notice of the application to enter final judgment. *Triba v. Lass,* 146 Wis. 202, 204, 131 N. W. 357. But the final judgment does not construe this provision of the will. Instead it incorporated the language of the will without attempting in any way to determine its meaning."

These conclusions compel an affirmance of the order.

*By the Court.*—Order affirmed.