ESTATE OF GREENEWAY : VRUWINK and others, Respondents,
vs. JOLING and another, Appellants.

*December 4, 1940—January 7, 1941.*

508

510

For the appellants there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker*.

For the respondents Garret Greeneway, Jr., and Annette Greeneway there was a brief by *M. S. King* of Wisconsin Rapids, and oral argument by *Mr. King* and by *Mr. A. J. Crowns* of Nekoosa.

MARTIN, J. It will be observed from the statement of facts that the court below, upon due proceedings had to that end on August 10, 1939, entered its judgment construing the same provisions of decedent's will as are involved in the judgment of July 22, 1940, construing the will for the second time, from which latter judgment the appeal herein was taken. No appeal was taken from the judgment of August 10, 1939. The same interested parties and the same subject matter were before the court upon the first construction of the will as were before the court in the proceedings for the second construction of the will, the only difference being that, in the latter proceeding, the executors sought certain instructions from the court as to their powers and duties as executors.

We think it clear that the judgment of August 10, 1939, is *res adjudicata*. In *Triba v. Lass,* 146 Wis. 202, 204, 131 N. W. 357, the court said:

"The county court had the power to construe the will and determine what distribution was intended by it, and it may be conceded for the purpose of this appeal that its judgment until reversed would be binding on all persons in interest who were parties to the proceeding and properly before the court." See cases cited.

To the same effect, see *Will of Inbusch,* 193 Wis. 10, 12, 212 N. W. 634, and *Will of Brandstedter,* 198 Wis. 457, 459, 224 N. W. 735.

The respondent argues that the doctrine of *res adjudicata* is not applicable here because on the first application for a construction of decedent's will, the question as to the action to be taken by the executors with reference to the land contract was not before, or passed upon by, the court. There is no merit in this contention.

The language of the will as set out in the margin is clear and unambiguous. It states precisely how the indebtedness of the several children to the father at the time of his death was to be computed. The will also provides that where the amount of the legatee's indebtedness exceeds said legatee's distributive share of the estate, that the difference shall stand as a debt of such legatee to the estate and shall be treated the same as any other indebtedness owing to the testator at the time of his death, the only exception being as to the rate of interest and the authorization to the executors to defer and postpone the time of payment as they may see fit.

The first construction of decedent's will being *res adjudicata*, it follows that any instructions, which the court might give to the executors as to their powers and duties with reference to the proceedings under the land contract, must be in accord with the judgment of August 10, 1939, construing the will. It was determined by that judgment that the respondent, Garret Greeneway, Jr., and Annette Greeneway, his wife, were indebted to decedent at the time of his death in the sum of $8,700 as principal due on the land contract and that the will provided for a deduction only as to the rate of interest. It was further adjudged:

". . . That the said sum of eight thousand seven hundred dollars together with all unpaid interest upon the sum of four thousand seven hundred dollars should be charged against the share of Garret Greeneway, Jr., as a legatee in the estate of Garret Greeneway, Sr., and that if the said sum of eight thousand seven hundred dollars and interest as aforesaid shall exceed the share of said Garret Greeneway, Jr., as such legatee, then that the excess thereof shall stand as a debt due to the

estate of decedent to be treated as any other indebtedness owing to decedent at the time of his death. . . ."

Since the judgment appealed from must be reversed, and in view of the fact that the court below in its instructions to the executors on July 22, 1940, held that it was their duty to seek strict foreclosure of the land contract and that they cannot credit the amount of Garret's distributive share under his father's will against the amount which he owes to the estate, we think it proper on this appeal to say that it is both the right and duty of the executors to retain in their hands Garret's distributive share and apply it on his indebtedness to the estate. This is in strict accord with the letter and spirit of his father's will. It is also in accord with the rule approved by this court in *Bainbridge v. Bainbridge,* 230 Wis. 610, 617, 284 N. W. 536. See cases cited.

It appears that a part of the trial court's instructions to the executors relates to their duties in connection with an action begun by them against Garret Greeneway, Jr., and Annette Greeneway, his wife, to foreclose the land contract. It further appears that in that action the executors asked for an alternative judgment, that is, they first asked for a judgment against Garret and his wife for the total principal due on the land contract with accrued interest, and secondly, for strict foreclosure and for damages for breach of contract. The court below, in its instructions to the executors of July 22, 1940, said that they must resort to strict foreclosure. We know of no law to that effect, nor is there any occasion to ask for alternative relief. Upon the breach of the conditions of a land contract, the vendor has three remedies : (1) He may elect to sue for the unpaid purchase money; (2) he may elect to sue for specific performance of the contract; and (3) he may elect to declare the contract at an end. *Oconto Co. v. Bacon,* 181 Wis. 538, 543, 195 N. W. 412, 40 A. L. R. 175. The executors, of course, have the same rights and remedies which the vendor would have if living. It appearing that the execu-

tors are suing for the unpaid purchase price of the land covered by the land contract, they may credit the amount of Garret's distributive share in the estate of his father on the amount due from him, if any, on the land contract to the estate.

*By the Court.*—The order and judgment of July 22, 1940, are reversed, and cause remanded for further proceedings in accordance with the opinion.