ESTATE OF BOSSE: GREATENS, Appellant, vs. LIEBERT, Respondent.*

*November 15—December 19, 1944.*

---

* Motion for rehearing denied, with $25 costs, on February 13, 1945.

For the appellants there was a brief by *Martin, Clifford & Warne* and *M. E. Davis,* all of Green Bay, and oral argument by *Mr. G. F. Clifford* and *Mr. Davis.*

For the respondent there was a brief by *Everson, Ryan & Hanaway* of Green Bay, and oral argument by *E. L. Everson.*

WICKHEM, J. Testator died April 1, 1943. He conducted a large wholesale and retail news, magazine, and tobacco depot. His estate was approximately $150,000 and he left a wife, Mary Bosse, as his only heir. There were two other persons with whom he had for years been closely associated. These were Emma Rutten, his secretary, and the manager of his wholesale business, and Norman Liebert, manager of the retail portion of his business.

· The will was very brief and, omitting its formal portions, · provides as follows:

"1st. I request my beneficiaries and my executor to enable Norman Liebert to purchase the retail and wholesale business of Joe Bosse at inventory cost, on terms agreeable to my executor.

"2d. All the rest and residue of my property, real and personal, I devise and bequeath to my wife Mary Bosse and to my faithful employee Emma Greatens Rutten, share and share alike."

On April 13, 1943, the will was admitted to probate and letters testamentary issued to executors. There followed proceedings by which the widow sought to have the probate set aside and a contest filed, but by June 14, 1943, these efforts were abandoned. The executors took charge of the business from the time of testator's death, retaining the same staff of employees, including Mrs. Rutten and Liebert whose salaries were increased.

On August 28th the inventory and appraisal were filed. The business was appraised at $29,546.99. Nothing was immediately done concerning the purchase of the property, either by Liebert or by the executors. . So far as appears, Liebert was not in a position financially to buy the business at once and there was a dispute whether the purchase of the business included certain real estate where the business was located. On January 4, 1944, this real estate was sold at public sale and bid in by the widow for $37,000. After some correspondence and negotiations Liebert made an offer which was rejected. On November 8th Liebert made another offer and this was declined. The executors then prepared a bill of sale with a trust agreement setting forth the conditions under which the business was to be operated and payments made. This was unsatisfactory to the parties.

In the meantime, the executors operated the business and turned the profits over to the estate. In February, 1944, Mrs. Bosse proposed to advance Liebert the money to buy the business. A new inventory and appraisal was made about January 1st, the value of the property as of that date being $41,376.65. On February 11th, Liebert tendered, (1) a receipt by Mrs. Bosse acknowledging receipt from the estate of Joseph C. Bosse of the sum of $20,688.33, and (2)

cashier's checks aggregating $20,688.65, and made demand for proper instruments of conveyance.

Thereafter, on March 16, 1944, in response to a petition for construction, an order was made and filed in which it was held that the will imposed upon the executors the mandatory duty of offering the business for sale to Liebert "at the price at which said property is valued and appraised in the inventory filed in this estate." Thereafter, Liebert petitioned the court for an order compelling the executors to enable him to buy the business. In response to this petition the order appealed from was entered on June 20, 1944. This order directed executors to execute a bill of sale for a sum representing the amount of the original inventory ($29,546.99) and to account for all profits of the business from the date of testator's death.

It is contended that the court erred in ordering the executors, (1) to sell the personal property to Liebert for a price based upon the inventory filed in the estate, and (2) to account for the profits of the business from the date of testator's death. It will be convenient to treat these as separate contentions.

With respect to (1) we would have considerable difficulty with the construction of the trial court if the matter was properly before us. We shall say no more upon the point because we are satisfied that the matter is not before us. The order that the sale must be for the amount of the inventory filed in the estate was made on March 16, 1944 (under sec. 310.11, Stats.), in response to a petition filed for the specific purpose of getting a construction.

We have recently held in *Estate of Greeneway,* 236 Wis. 503, 295 N. W. 761, that when a construction upon petition under sec. 310.11, Stats., is made in advance of a final decree, it is *res adjudicata* and binding upon all parties and, indeed, that the final decree must be in consonance with the earlier construction. It is to all intents and purposes a judgment,

finally disposing of the rights of the parties so far as the subject matter is concerned. It is appealable and must be appealed from, or in the absence of fraud or imposition upon the trial court, it stands as a final determination of the court upon the point.

There has been some confusion caused by loose language in opinions, at times referring to such determinations as orders and at times as judgments, but there is no question as to the finality of the determinations. As an illustration of both points, see *Estate of Penney,* 225 Wis. 455, 471, 274 N. W. 247, in which the court speaking through the writer of this opinion said:

"The order or judgment, however erroneous, must stand until reversed, modified, or set aside in accordance with the statutes heretofore mentioned." (Referring to the appeal statutes and to the provisions of sec. 324.05, Stats.)

The net result of the opinions, however, is that previously stated in analyzing the *Greeneway Case, supra.* To all intents and purposes the determination establishing the construction of a will in response to a petition is a judgment and satisfies the following definition of a judgment contained in sec. 270.53 (1), Stats.:

"A judgment is the final determination of the rights of the parties in the action."

It is suggested that we are in a position to review the order of March 16, 1944, because of the following statutory provisions:

"Sec. 324.01 (2) In counties having a population of over fifteen thousand any executor, administrator, guardian, trustee or any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply."

"Sec. 274.34   Upon an appeal from a judgment, and upon a writ of error, the supreme court may review any intermediate order which involves the merits and necessarily affects the judgment, appearing upon the record."

What has heretofore been said precludes the conclusion that the construction in question upon this appeal is an intermediate order.   Hence, we are not in a position to review or modify the trial court's determination that the sale must be at the price established by the inventory in the estate, nor can we re-examine the merits of that holding.

Coming to (2), however, we are in a position to decide whether the court was in error in requiring the executors to account for the profits from the date of testator's death.   On this point the court was in error.   The purpose of the will was to enable Liebert to purchase the business, provided he could do so within a reasonable time after the probate proceedings were initiated.   It was not a devise to him of the business subject to a condition that he pay the heirs the inventory price. What he got was a privilege to purchase, and his right to the profits dates from his acquisition of the business.

We hold that the portion of the order allowing Liebert the profits from the date of testator's death to the date of his acquisition of the property was error.   We also hold that the executors are bound by the construction of March 16, 1944, and that Liebert need only pay for the business the price of $29,546.99.

The record does not disclose whether the larger inventory at the time of tender includes undistributed profits.   We have assumed from statements in the briefs that the profits had been paid into the general estate and that the increase in inventory was the result of appreciation in value or some such factor.   However, we do not consider that the record is in shape for us to do more than to determine that Liebert is not entitled to profits earned in the business between the date

of death of the testator and the date of Liebert's acquisition of the business but that he is entitled to whatever benefit there may be in purchasing for $29,546.99 the business at its present inventory value.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.