ESTATE OF LENAHAN: LENAHAN, Appellant, vs. LENAHAN, Respondent.*

*January 9—February 6, 1951.*

---

* Motion for rehearing denied, with $25 costs, on April 3, 1951.

For the appellant there were briefs by *Spohn, Ross, Stevens & Lamb,* attorneys, and *Edwin C. Pick* of counsel, all of Madison, and oral argument by *Mr. Pick.*

*Harry E. Carthew* of Lancaster, for the respondent.

BROADFOOT, J.   Among other things the appellant contends that the part of the final judgment of September 1, 1942, assigning the residue of the personal property of the testator in trust is *coram non judice* and void.  It is her claim the testator did not contemplate setting up a trust and that the words of paragraph three did not create a trust, and since, on the date of judgment, the county court in probate had jurisdiction only over testamentary trusts, the creation of a trust by the judgment was an act beyond its jurisdiction.

The only persons interested in this estate, with the possible exception of creditors and the taxing authorities, were the widow and son.  Both appeared at the time the final judgment was entered and specifically waived notice of hearing.

*"Coram non judice.*  Literally 'In presence of a person not a judge.'  When a suit is brought and determined in a court

which has no jurisdiction in the matter, it is then said to be 'coram non judice,' and the judgment is void; so acts done by a court which has no jurisdiction either ·over the person, the cause, or the process, are said to be coram non judice." 18 C. J. S., p. 281, sec. 176.

The county court had jurisdiction of the persons and the subject matter, which was the estate of the testator. It is common practice for county judges in Wisconsin to assign the remaining personal estate of a testator in trust where a life estate is created by the will as an orderly and efficient means of carrying out the terms of the will, even though a trust is not provided for therein by express words. Certainly the county courts have jurisdiction so to do, and their acts in so doing are not coram non judice.

The respondent contends that the court had no jurisdiction to construe the will in this proceeding, and that its judgment doing so is void. This question is determined by our decision in *Estate of White,* 256 Wis. 467, 474, 41 N. W. (2d) 776, wherein this court used the following language:

"That was a construction of the will; it was made a part of the final judgment and as we have often held, such judgment, however erroneous, must stand unless reversed, modified, or set aside in accordance with the statutes governing appeals and retrials. *Will of Brandstedter, supra* [198 Wis. 457, 224 N. W. 735]; *Cline v. Whitaker* (1911), 144 Wis. 439, 441, 129 N. W. 400; *Estate of Penney* (1937), 225 Wis. 455, 464, 274 N. W. 247; *Estate of Bosse* (1944), 246 Wis. 252, 256, 16 N. W. (2d) 832. The rights given by such statutes to reverse, modify, or set aside the 1929 judgment have long expired. An attempt by the county court to do such things in 1949 is beyond its (and our) jurisdiction and is void."

The assignment of the personal property in trust involved a construction of the will. The question was raised upon the petition of Mrs. Lenahan for a correction of the final judgment, and the time for taking an appeal from the final judg-

ment and from the judgment denying her petition for a correction of the final judgment has long since passed. Accordingly, the county court of Grant county had no jurisdiction to hear appellant's petition to construe the will or to enter a judgment construing the same.

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the same and to dismiss the petition of May 20, 1949, praying for a construction of the will.