ESTATE OF AUDLEY: AUDLEY, Appellant, vs. AUDLEY and another, Executors, Respondents.

*February 6—March 7, 1950.*

434

*Edwin B. Stillman* of Waukesha, for the appellant.

For the respondents there was a brief by *Holt & Coombs,* attorneys, and *Clayton A. Cramer* of counsel, all of Waukesha, for the estate, and *Ray J. Aiken* of Waukesha, for Thomas B. Audley individually, and oral argument by *Mr. Cramer* and *Mr. Aiken.*

Brown, J. John B. Audley died testate December 3, 1941. His will was admitted to probate and respondents, Thomas B. Audley and Ellen M. Audley, were appointed executors. On March 24, 1949, Thomas B. Audley petitioned the court for a construction of the will. The record shows that notice of the petition and of the time and place set for its hearing was given as directed by the county court and by secs. 310.11, 324.18, and 324.20, Stats. The hearing was had and on July 27, 1949, the court entered its order construing the will. Ellen M. Audley, as the testator's widow, has appealed from

such order, and respondent Thomas B. Audley first contends that the order is not appealable under sec. 274.33. *Estate of Bosse* (1944), 246 Wis. 252, 16 N. W. (2d) 832, has decided this point in favor of the appeal.

After the usual provisions for the payment of debts and administration expenses, the will bequeaths the testator's furniture, personal effects, and automobile to his widow. There is no dispute about this. The controversy arises over the meaning of the following paragraphs:

"*Third:* I hereby direct that my wife Ellen M. Audley shall have the use and income of all my property during her lifetime if she does not remarry, and that my home on Buena Vista avenue in the city of Waukesha, Wisconsin, shall not be sold as long as my wife Ellen M. Audley lives in it and remains unmarried. Said Ellen M. Audley shall keep the premises in good repair, well painted, the taxes paid, and the premises well insured so long as she lives in said premises and gets the income therefrom. However, said house may be sold at any time with the consent of my wife, Ellen M. Audley.

"*Fourth:* In the event that my wife Ellen M. Audley does not live in my house on Buena Vista avenue, Waukesha, Wisconsin, remarries, or consents to the sale, I direct that the property be sold by my said executors and that an undivided one half of all of my property derived from the sale of the lots and the home, after payment of the costs of administration, etc., is hereby bequeathed to my wife Ellen M. Audley for her own use and benefit. All property other than the home may be sold by my said executors as soon as convenient after my death.

"*Fifth:* I hereby give and bequeath the other one half of my property, upon its sale as set forth in the preceding paragraph of this instrument, to the Waukesha National Bank, in trust, it to invest the proceeds in good securities and to pay the income therefrom semiannually to my wife Ellen M. Audley so long as she lives and remains unmarried, and that upon the death or remarriage of the said Ellen M. Audley, said portion of my estate held in trust by said bank shall be distributed as follows, to wit:"

"A," "B," "C," "D" (specific legacies).

"E. I hereby give and bequeath the residue and remainder of the said one half of my estate remaining after the payment of the sums last hereinabove mentioned, in equal and even shares to my brothers and sisters, and if any of such brothers and sisters shall not be living at that time, the share such brother or sister would take if living shall be distributed among the child or children of such deceased brother or sister.

"*Sixth:* It is my will that so long as my wife Ellen M. Audley lives and desires to occupy the home on Buena Vista avenue in the city of Waukesha, Wisconsin, and remains unmarried, that she shall be permitted to do so without making any accounting to the court for the income of said property, otherwise that said property be sold as hereinabove provided. It is also intended hereby that any other real estate of which I may die seized may be sold by my executors as soon as possible after my death."

It is appellant's contention that as the will has made no final disposition of the home on Buena Vista avenue it is therefore intestate property and as such the fee has vested in the widow as heir at law of the deceased, subject to being divested if one of the contingencies of removal, remarriage, or consent to a sale occurs. The learned county court, however, determined the testator's intent was to devise to his wife a life estate in the premises, subject to divestment upon occurrence of the same contingencies. The practical difference is that if no such contingency occurs during the widow's lifetime, under her interpretation the property would descend to her heirs at her death, while under the court's construction only one half of the proceeds of its sale would so descend, the other half passing under her husband's will to the parties designated in the subsections of paragraph "Fifth."

The parts of the order construing the will which are material to this appeal are as follows:

"It is ordered, decreed, and determined that it was the intention of the testator herein, as such intention is expressed or inferred from the language of his will on file herein, that the interest of his widow, Ellen M. Audley, in the property

which was the homestead of the testator, should be limited to an absolute interest in one half of the proceeds of the sale thereof, plus a life use (unless such use should be sooner terminated by one of the contingencies named in the will) of the remaining one half of the proceeds of such sale. In addition, such testator intended and provided that his said widow should have an absolute right to use and occupy said homestead premises for life, provided she did not sooner remarry, consent to a sale thereof, or voluntarily remove her residence from such premises, and, while said widow continues to exercise such right of life use and occupancy, that she faithfully discharge the obligations of maintenance and upkeep, payment of taxes, and provision of adequate insurance with respect to the said premises; and

"It is further ordered, decreed, and determined that the construction of said will prayed for by the said Ellen M. Audley be, and the same is hereby, denied; and

"It is further ordered, decreed, and determined that the final decree to be entered herein shall provide, with respect to the said homestead property, the circumstances of said estate with respect to said property remaining at the time of such final decree as they are at present, that said property be assigned to and vest in the Waukesha National Bank, a banking corporation, as trustee, subject, however, to a right of use and occupancy for life in Ellen M. Audley; that said bank, as trustee, shall take and hold the said property until the death of the said Ellen M. Audley; that thereupon, said trustee or its successors in trust shall be, and it is hereby, authorized and empowered to sell the said property, without further application or leave of court; and, after deducting from the moneys received upon such sale the costs and expenses thereof, said trustee shall distribute and deliver unto the heirs, personal representatives, or assigns of the said Ellen M. Audley a sum equal to one half the proceeds of such sale, so reduced; and shall distribute and deliver unto the various specific and residuary legatees named or described in the fifth paragraph of the will herein, in the respective amounts or proportions therein stated, the other one half of such proceeds, so reduced;

"Provided, however, that if the said Ellen M. Audley shall consent to a sale of said premises during her lifetime, or if

during the lifetime of the said Ellen M. Audley she shall elect to reside elsewhere than in said premises, then in such event said trustee shall be, and it is hereby, authorized and empowered to sell said premises upon the occurrence of either such event; and after such sale to deliver and distribute unto the said Ellen M. Audley a sum equal to one half of the net proceeds of such sale as aforesaid; and to invest and keep invested during the remainder of the lifetime of the said Ellen M. Audley the other one half of such net proceeds, paying the income and profits from such investments periodically as may be convenient and proper unto the said Ellen M. Audley until the time of her death or remarriage; and upon her death or remarriage to pay and distribute the corpus of said trust to the various specific and residuary legatees named or described in the fifth paragraph of the will herein, in the respective amounts or proportions therein stated;

"Further provided, that in the event of the remarriage of the said Ellen M. Audley, the said trustee, or its successors in trust, shall be, and it is hereby, authorized and empowered to sell said premises, and to pay and distribute the net proceeds of such sale, as aforesaid, one half to the said Ellen M. Audley and one half to the various specific and residuary legatees named or described in the fifth paragraph of the will herein, in the respective amounts or proportions therein stated."

As we read the will, it expresses the testator's broad purpose to secure to his wife the use of the home or its proceeds during her widowhood and thereafter to divide the proceeds between her heirs and his. To accomplish his purpose certain devices are resorted to involving a sale of the home upon the happening of certain events. Counsel for Mrs. Audley says that these provisions do not include the possibility that she may die still a widow and an occupant of the home, that no sale has been directed in such a contingency and there is an intestacy to that extent. Such a contention ignores what we deem to be a plain direction of paragraph "Sixth" that "so long as my wife Ellen M. Audley lives and desires to occupy the home on Buena Vista avenue in the city of Waukesha, Wisconsin, and remains unmarried, . . .

she shall be permitted to do so . . . otherwise that said property be sold as hereinabove provided." The "otherwise," we think, must refer to each of the conditions specified, including "lives." While the language of paragraph "Sixth" is more definite in directing sale upon the death of the widow if that occurs before her remarriage, removal, or consent to sell, we consider that the provisions of paragraph "Third" give the same command. Unless surrounding circumstances speak very clearly against such an interpretation of the provisions of a will, which they do not here, an estate limited to the time a person shall live in a house is as readily terminated by the person's death as by his removal. We hold, therefore, that there is no intestacy as to the property in controversy here.

It appears from the record that the estate is ready to be closed except for the sale of the home upon the happening of the first contingency commanding it and, further, that the coexecutors have not co-operated and probably cannot. Under the circumstances the order appointing a trustee to hold the fee subject to the widow's estate for life or less, as the occurrence of the contingencies may determine, and then to sell the premises and administer or distribute the proceeds as in the will and the order provided, is considered to be within the discretion permitted the county court by sec. 231.33, Stats. It is, as the learned trial judge well said, ". . . decreed and determined to represent the intention of said testator as such intention was expressed in his said will, and to effectuate such intention in terms both specific and practical."

*By the Court.*—Order affirmed.